**DONNELLY GARMENT CO. v. NATIONAL LABOR RELATIONS BOARD (DONNELLY GARMENT WORKERS' UNION et al., Interveners).**

No. 12641.

Circuit Court of Appeals, Eighth Circuit.

Feb. 13, 1948.

Rehearing Denied March 26, 1948.

Robert J. Ingraham, of Kansas City, Mo. (Burr S. Stottle and Reed, Ingraham & Milligan, all of Kansas City, Mo., on the brief), for petitioner Donnelly Garment Company.

Frank E. Tyler, of Kansas City, Mo. (Gossett, Ellis, Dietrich & Tyler, of Kansas City, Mo., on the brief), for intervener-petitioner Donnelly Garment Workers' Union.

Ruth Weyand, Atty., National Labor Relations Board, of Washington, D. C. (Morris P. Glushien, Associate Gen. Counsel, and A. Norman Somers, Asst. Gen. Counsel, both of Washington, D. C., on the brief), for respondent.

Clif Langsdale, of Kansas City, Mo. (Clyde Taylor, of Kansas City, Mo., on the brief), for intervener National Ladies' Garment Workers' Union.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board on June 9, 1943, upon findings that the Donnelly Garment Company had violated § 8(1), (2) and (3) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq., ordered the Company (1) to disestablish the Donnelly Garment Workers' Union, an independent union of the Company's employees, which had a closed shop agreement with the Company; (2) to cease giving effect to the Company's contracts with the union; and (3) to reimburse its employees for dues and assessments deducted from their wages and checked off to the union.

The Company and the independent union petitioned this Court for a review of the order of the Board. The Board, in its answer, asked that its order be enforced. This Court denied enforcement of the order, for what it considered to be a lack of. due process in the proceedings before the Board. 151 F.2d 854. The Supreme Court reversed, but declined to decide the question of the sufficiency of the evidence to sustain the findings and order of the Board, and remanded the case to this Court for the determination of that question. 330 U.S. 219, 67 S.Ct. 756.

The history of this controversy, the contentions of the parties, the findings and conclusions of the Board, and the nature of the evidence adduced and proffered have been sufficiently stated in the opinions of this Court and the Supreme Court, and will not be discussed further.

The petitioners contend that nowhere in the voluminous record in this case can there be found any substantial evidentiary basis to support the findings of the Board that the Company had sponsored, interfered with, dominated, or supported the organization or administration of the independent union. In the last analysis, it seems to us that what the petitioners are really asserting is that the Board has credited the wrong witnesses, given weight to the wrong evidence, drawn the wrong inferences from circumstantial and conflicting evidence, and reached erroneous conclusions as to the issues of fact.

The Board, however, was the trier of the facts, the judge of the credibility of witnesses and the weight of evidence, the drawer of inferences from circumstantial and conflicting evidence, and the appraiser of the "imponderables". International Association of Machinists, etc., v. National Labor Relations Board, 311 U.S. 72, 79, 61 S.Ct. 83, 85 L.Ed. 50; National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 597-599, 61 S.Ct. 358, 85 L.Ed. 368; National Labor Relations Board v. Nevada Consolidated Copper Corporation., 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed 1305; Virginia Electric & Power Co. v. National Labor Relations Board, 319 U.S. 533, 542, 63 S.Ct. 1214, 87 L.Ed 1568; National Labor Relations Board v. Winona Knitting Mills, Inc., 8 Cir., 163 F.2d 156, 160.

In National Labor Relations Board v. May Department Stores Co., 8

Cir., 162 F.2d 247, at page 249, this Court said:

"* * * Whatever mistakes the Board may make in appraising the credibility of witnesses and the weight of evidence, and in drawing inferences from conflicting or circumstantial evidence, are errors of fact which, like similar errors committed by a jury, are not subject to correction on review. * * * The findings of the Board upon issues of fact are conclusive on review, no matter how convincing may be the argument that upon the evidence the findings should have been different."

One reasonably may believe that, had the issues been tried before a court and to a jury, the verdict would have been in favor of the petitioners, since it is probable that a jury would not have rejected or found unpersuasive the testimony of all the employees in the plant to the effect that the independent union was in fact independent, that they had organized it themselves and had administered it for years, and that it had not been sponsored, supported, interfered with, or dominated by the Company. The court, however, in such a trial, could not, we think, have directed a verdict for the petitioners, nor would the jury have been compelled to believe the testimony of the petitioners' witnesses, who were necessarily interested in the outcome of this case.

Our conclusion is that, even if the Board has reached erroneous conclusions as to the facts, its findings, or at least enough of them to sustain its order, have a sufficient evidentiary basis to be binding upon this Court.

Petitioners' contention that so much of the order of the Board as requires reimbursement of employees for dues checked off is invalid, is overruled upon the authority of Virginia Electric & Power Co. v. National Labor Relations Board, 319 U.S. 533, 543, 63 S.Ct. 1214, 87 L.Ed. 1568; National Labor Relations Board v. Baltimore Transit Co., 4 Cir., 140 F.2d 51, 56-58; National Labor Relations Board v. Cassoff, 2 Cir., 139 F.2d 397.

The prayer of the Board for the enforcement of its order is granted.