**ROBINSON v. RAILROAD RETIREMENT BOARD.**

No. 14132.

United States Court of Appeals
Eighth Circuit.

Nov. 2, 1950.

Dennis E. Woodside, St. Louis, Mo., for petitioner.

Myles F. Gibbons, General Counsel, Railroad Retirement Board, Chicago, Ill. (David B. Schreiber, Associate General Counsel, and Louis Turner and Alfred H. Myers, Attorneys, Railroad Retirement Board, all of Chicago, Ill., were with him on the brief), for respondent.

Before SANBORN and THOMAS, Circuit Judges, and DEWEY, District Judge.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Railroad Retirement Board denying the petitioner's claim for an annuity. Jurisdiction is based on Section 11 of the Railroad Retirement Act of 1937, as amended, 60 Stat. 735, 45 U.S.C.A. § 228k.

The petitioner, a railroad employee, on December 26, 1946, filed an application with the Board for an annuity, upon the claim that in 1941, while engaged in his work, he fell from the top of a railroad car and injured his spine, and later became totally and permanently disabled for regular employment. At the time the petition was filed the petitioner was 48 years of age and had put in about 17 years of service. He was then working as a coach cleaner for the St. Louis-San Francisco Railway Company at full wages, and continued in its employ until May 7, 1947.

Under § 2(a)5 of the Railroad Retirement Act of 1937, as amended, 60 Stat. 727, 45 U.S.C.A. § 228b(a)5, "Individuals whose permanent physical or mental condition is such that they are unable to engage in any regular employment and who (i) have completed ten years of service, or (ii) have attained the age of sixty", are eligible for annuities under the Act. It is conceded that if the petitioner's permanent physical condition was totally disabling within the meaning of the section, he was entitled to an annuity.

The Board's Disability Rating Bureau (an advisory unit within the Board's Bureau of Retirement Claims, which unit consists of two doctors and a lawyer) determined that the petitioner's disability was not such as

to make him eligible for an annuity. The Board's Director of Retirement Claims thereupon decided that the petitioner was not eligible for an annuity, and so notified him. Upon consideration of additional evidence furnished by the petitioner, the Director advised him that the evidence failed to establish that he was totally and permanently disabled, but that the Bureau of Retirement Claims would consider any further information he might wish to submit. Additional medical evidence was again submitted, which was found not to sustain the claimed disability.

The petitioner appealed from the decision of the Bureau of Retirement Claims (the original adjudicating unit of the Board) to the Board's Appeals Council, an appellate body set up by and within the Board. Before certifying the petitioner's case to the Appeals Council, the Disability Rating Bureau re-affirmed its original advisory opinion that the petitioner was not totally and permanently disabled within the meaning of the Act. The Appeals Council sustained the decision of the Bureau of Retirement Claims. The petitioner then appealed to the Board from the decision of the Appeals Council. The Board considered all of the evidence of record and ruled that the petitioner was not shown by the evidence to be totally and permanently disabled within the meaning of the Act. The Board found: "Appellant's [petitioner's] physical or mental condition is not such as to render him unable to engage in any regular employment for hire." The decision of the Appeals Council that the petitioner was not entitled to an annuity under the Act was therefore sustained by the Board.

The petitioner again submitted additional medical evidence to the Board, for the purpose of having the Board reopen his claim for further consideration. The Board was advised by its "Medical Consultant" that a review of the petitioner's physical condition as presented by the additional medical evidence "failed to reveal any aggravation in appellant's [petitioner's] condition which would indicate a change in the former decision that he is not totally and permanently disabled for regular employment for hire." The petitioner was then advised by the Board that there was no basis for reopening his claim.

■ Whether the disability of the petitioner was, under the medical evidence submitted to the Board, of such a character as to bring him within the coverage of § 2(a)5 of the Act was a question of fact for the Board's determination. The Board gave consideration to all of the evidence, none of which, in our opinion, conclusively proved that the petitioner was totally and permanently disabled from engaging in any regular employment of a gainful and substantial character.

The Board in its opinion states:

"As shown by the evidence, appellant's condition, with the exception of his back and a nervous condition diagnosed as neurasthenia, is normal for an individual of his age.

"The evidence indicates appellant has arthritis of the vertebral column, with some inflammation of one or more vertebrae, described as spondylitis. The limitation of motion of the spine has been described by one examiner as ten degrees, and another indicates appellant carries out about fifty per cent of the normal motion of the spine before claiming that further attempts at motion are painful. The x-rays of appellant's spine showed no indication of a dislocation but did show a narrowing of the joint space between the fifth lumbar vertebra and the sacrum, with marginal lipping of the anterior surfaces of these bones.

"One examiner suggests the possibility of a protruded intravertebral disk but this condition is not established by the available medical evidence. The existence of such a condition is, moreover, not disabling in all cases and, in view of that evidence as to the extent of limitation of motion in appellant's spine and that which indicates that appellant is able to move about without great pain, if such a condition exists it would not, at this time, appear totally disabling to the appellant.

"While the condition of appellant's spine does appear to result in some limitation of motion, and apparently causes appellant some pain, his condition has not been established as such as would disable him for

all kinds of regular and gainful employment. There are many kinds of work which appellant is capable of performing in his present condition. Among these are all the sedentary occupations that an individual of appellant's education would be eligible for, such as clerical positions, as well as those positions which would require some walking and moving about without bending or lifting, such as, bench assembler of small parts in factory, mill, or shop, cloakroom checker, elevator operator, ticket collector, gateman, tool room attendant, and watchman."

It is apparent from the record that there were no such objective symptoms of a spinal injury as would compel a finding that the petitioner was a totally and permanently disabled man. In order to conclude that his disability was total and permanent, one would have to rely largely upon subjective symptoms, the existence and permanence of which depend not only upon the veracity of the petitioner but upon his ability to state accurately the nature and extent of the pain of which he complained. The fact that he returned to work about three months after his injury in 1941 and continued to work until the spring of 1947 and that he was a neurasthenic would, naturally, raise a doubt as to the totality and permanence of his claimed disability.

In the recent case of Wheeler v. Railroad Retirement Board, 8 Cir., 184 F.2d 173, 176, this Court said: "Congress has committed to the Board the task of resolving all facts in relation to the right to an annuity under the Railroad Retirement Act, and it has made the Board's determination of any such fact final, if there is substantial evidence to support it, either by direct proof or on probative circumstance from which a rational inference has been drawn. 45 U.S.C.A. § 355(f) [see § 228k, 45 U.S.C.A.] expressly provides that, in any review of a decision of the Board by a Court of Appeals, 'The findings of the Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive.'"

If the issue of fact which it was the duty and responsibility of the Board to determine, namely, whether the petitioner's claimed disability was such as to make him eligible for an annuity under the Act, had been tried to a jury, it is obvious that the petitioner would not have been entitled to a directed verdict, and that the jury's verdict, whether favorable or unfavorable to him, would have been conclusive. That being the case, the decision of the Board, whether right or wrong, is binding upon this Court. Errors of fact committed by an administrative board, like errors of fact committed by a jury, are not subject to correction on review. Compare, National Labor Relations Board v. May Department Stores Co., 8 Cir., 162 F.2d 247, 249; Donnelly Garment Co. v. National Labor Relations Board, 8 Cir., 165 F.2d 940–942; National Labor Relations Board v. Minnesota Mining & Manufacturing Co., 8 Cir., 179 F. 2d 323, 325–326. See, also, Gardner v. Railroad Retirement Board, 5 Cir., 148 F.2d 935, 937; Watts v. Railroad Retirement Board, 5 Cir., 150 F.2d 113, 115; Wheeler v. Railroad Retirement Board, 8 Cir., supra, 184 F.2d 173, 176.

The decision of the Board is affirmed.