**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WILSON CONCRETE COMPANY, Respondent.**

No. 16946.

United States Court of Appeals Eighth Circuit.

June 14, 1962.

Melvin J. Welles, Atty., N. L. R. B., Washington, D. C., for petitioner. Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Rosanna A. Blake and Judith Bleich Kahn, Attys., N. L. R. B., Washington, D. C., on the brief.

John E. Tate, Omaha, Neb., for respondent; Charles E. Stenicka, Lincoln, Neb., with him on the brief.

Before SANBORN, BLACKMUN and RIDGE, Circuit Judges.

SANBORN, Circuit Judge.

The National Labor Relations Board, in an unfair labor practice proceeding under § 10 of the National Labor Relations Act, as amended, 29 U.S.C.A. § 160, upon charges made by International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Truck Drivers and Helpers Union, Local No. 784, determined that Wilson Concrete Company, at its plant in Grand Island, Nebraska, had engaged in unfair labor practices within the meaning of § 8(a) (1) and 8(a) (3) of the Act, 29 U.S.C.A. § 158(a) (1) and (3). The Board's deci-

1

sion and order are reported in 133 N.L. R.B. No. 97. The Board approved the Intermediate Report of the Trial Examiner and adopted his findings and conclusions. The order, dated October 12, 1961, is in conventional form. It requires the respondent to cease and desist from the unfair labor practices it was found to have engaged in; to reinstate, without loss of pay, six employees who were found to have been discriminatorily laid off; and to post the usual notices.

The Board has petitioned this Court for the enforcement of its order, pursuant to § 10(e) of the Act, 29 U.S.C.A. § 160(e). The respondent, in its answer to the petition, objects to the enforcement of the order of the Board, and asks for the dismissal of its petition, for the following assigned reasons:

"(1) The conclusions of law stated by the petitioner on October 12, 1961, were in error and

"(2) The facts in this matter do not reasonably support the conclusions reached by the petitioner and incorporated in its order."

The Board found that the respondent violated § 8(a) (1) of the Act by interrogating employees about their union sympathies and activities and by inducing and encouraging them to keep the management informed about the Union plans. The Board also found that respondent violated § 8(a)(3) and 8(a)(1) by selecting six employees for layoff—in connection with a seasonal reduction in force in the fall of 1960—because of their union affiliations and activities.

The Union had on May 13, 1960, won an election conducted by the Board, and on May 23 was certified by it as the collective bargaining representative of certain classes of the respondent's employees at its Grand Island plant, including truck drivers and production employees. Nine bargaining conferences were held between June 28 and November 3, 1960, by the respondent and the Union, without reaching an agreement. A strike vote was taken by the Union about October 15, 1960, and inquiry was thereafter made by the management of some of the employees relative to whether they would cross the picket line in case of a strike.

The controverted issues so far as we are concerned were whether there was an adequate evidentiary basis for (1) the finding that by improper interrogation and surveillance by the respondent of its employees it engaged in an unfair labor practice; (2) the finding that a personnel clerk of the respondent who was active in interrogating employees with respect to the Union was a supervisory employee; and (3) the finding that six employees of the respondent, in the fall of 1960 in connection with a necessary reduction in force, were laid off because of their union affiliations and activities.

To discuss the evidence adduced before the Trial Examiner in detail would add nothing of value to the voluminous legal literature relating to National Labor Relations Board cases. The Board is the trier of the facts. This Court cannot retry them. Errors of fact committed by the Board, if any, are not subject to correction here. See and compare, Donnelly Garment Co. v. National Labor Relations Board, 8 Cir., 165 F.2d 940. The instant case, we think, differs in no controlling respect from National Labor Relations Board v. Des Moines Foods, Inc., 8 Cir., 296 F.2d 285.

The Board's petition for enforcement of its order is granted.