## NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.

**LEE–ROWAN COMPANY, Respondent.**

No. 17112.

United States Court of Appeals
Eighth Circuit.

April 24, 1963.

Rehearing Denied May 24, 1963.

Solomon I. Hirsh, Atty., N. L. R. B., Washington, D. C., for petitioner. Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Solomon I. Hirsh, and Robert A. Armstrong, Attys., N. L. R. B., Washington, D. C., on the brief.

Richard D. Shewmaker, of Thompson, Walther & Shewmaker, St. Louis, Mo., for respondent.

Before SANBORN and BLACKMUN, Circuit Judges, and STEPHENSON, District Judge.

SANBORN, Circuit Judge.

The National Labor Relations Board has petitioned this Court, under § 10(e) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(e), for enforcement of its order of May 16, 1962, issued against Lee-Rowan Company, a manufacturer of metal fixtures and products in St. Louis, Missouri, engaged in interstate commerce. The order is based upon a finding that the respondent had, in violation of § 8(a) (5) of the Act (29 U.S.C. § 158(a) (5)), refused to bargain with the Union[1] which the Board on November 3, 1961, had certified to be the bargaining representative for a designated unit of the respondent's production and maintenance employees at its plant. The order requires the respondent to cease refusing to bargain with the Union, and to bargain with it.

The respondent challenges the validity of the order on the ground that eight of its employees were wrongfully exclud-

---

1. International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, Lodge 1012, AFL–CIO.

ed from the unit found to be appropriate for the purpose of collective bargaining. Seven of these employees were called "line leaders" and one was called "inspector". The Union contended that they were "supervisors" as defined in § 2(11) of the Act (29 U.S.C. § 152(11)).[2] The respondent contended that the employees in question were not "supervisors" and could not rightfully be excluded from the unit.

The order in suit is the culmination of a series of proceedings before the Board, extending over several years, growing out of the efforts of the Union to organize the respondent's production workers at its plant in St. Louis.

First there was the unfair labor practice case known as No. 14–CA–2255, tried before a Trial Examiner of the Board in March of 1960, decided by the Board December 20, 1960, and reported in 129 N.L.R.B. 980. In that case the respondent was found to have violated § 8(a) (2) and 8(a) (1) of the Act by dominating and interfering with the formation and administration of "the Lee-Rowan Shop Committee," and also to have violated § 8(a) (1) in interfering with its employees in the exercise of their rights to self-organization guaranteed in § 7 of the Act, by interrogation, threats, and surveillance with respect to their organizational activities. The Board determined that the line leaders were "supervisors" and that they had engaged in some of the anti-union activities of the respondent. Respondent was ordered by the Board to cease and desist from the unfair labor practices it was found to have committed.

The second case in the series, Case No. 14–RC–3989, was initiated by a petition of the Union filed with the Board on February 6, 1961, for certification as the bargaining representative for a unit consisting of the respondent's production and maintenance employees, excluding supervisors as defined in the Act. At the hearing on the petition in this representation case, the Union contended that the seven "line leaders" and the one "inspector" among the respondent's employees were supervisors and should be excluded from the unit to be represented. The respondent insisted that they were not supervisors and should not be excluded from the unit. It introduced evidence to support its position. Counsel for the Union cross-examined the respondent's witnesses. At the conclusion of the evidence, he moved "that the Board take jurisdictional notice in the findings in Case No. 14–CA–2255 in respect to this petitioner and this company." The Trial Examiner stated that the motion would be referred to the Board. Counsel for the respondent replied: "We want to say that they ought to read the entire record, and we know they will come up with a different result, even on the old record." The "old record" is the record in the first case (No. 14–CA–2255).

On July 7, 1961, the Board issued its Decision and Direction of Election in the representation case, determining that the "line leaders", who had been found by the Board to be "supervisors" in the unfair labor practice case on December 20, 1960, were still "supervisors" and, together with the "inspector", should be excluded from the unit found by the board to be appropriate for bargaining purposes.

At the election directed and conducted by the Board on August 7, 1961, 146 votes were cast; 73 were for the Union; 65 were against it; and 8 ballots—those of the line leaders and the inspector—were challenged and not counted. The Regional Director of the Board investigated the matter of the challenges, and on

---

2. Section 2(11) of the Act, 29 U.S.C. § 152 (11) provides:

"The term 'supervisor' means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment."

September 1, 1961, recommended, in a report to the Board, that the challenges be sustained, and that the Union, having received a majority of the qualified votes, be certified as the representative of the employees designated by the Board as the appropriate unit. The Union was so certified.

The last of the series of proceedings resulted in the order now under consideration. (Case No. 14–CA–2653, 137 N.L.R.B. No. 16.) Only by refusing, as it did, to bargain with the Union, could the respondent secure a judicial determination of the validity of the Board's certification of the Union. Had the challenged ballots been counted, the Union might not have had a majority and would not be entitled to certification.

The respondent contends that enforcement of the Board's order should be denied because (1) it is not based solely on the evidence in the representation case, (2) it gives effect to findings in the first unfair labor practice case, and (3) the authority of the "line leaders" was of a, routine nature and did not require the. use of independent judgment.

■ These several proceedings before the Board followed each other in logical sequence. They occurred during the Union's campaign to organize respondent's plant. They constituted, in effect, one continuing controversy between the Union and the respondent. The Board, in determining, in the representation proceeding, whether the "line leaders" were supervisors, as they had been found to be in the first unfair labor practice proceeding, was not required to ignore the evidence in that proceeding relative to the status of the "line leaders" and the inferences fairly to be drawn from such evidence. Cf. N. L. R. B. v. Epstein, 3 Cir., 203 F.2d 482, 485.

The Supreme Court, in N. L. R. B. v. Donnelly Garment Co., 330 U.S. 219, on page 227, 67 S.Ct. 756, on page 761, 91 L.Ed. 854, in reversing this Court for refusing to enforce an order of the Board, pointed out that "there are significant differences between the relations of an appellate court to a lower court and those of a court to a law-enforcing agency, like the Board, whose order is subject only to restricted judicial review." The order of the Board in the Donnelly Garment Co. case was based upon a second hearing before an Examiner of the Board who this Court believed had not complied with its directions on remand. The Supreme Court said (page 225 of 330 U.S., page 760 of 67 S.Ct.): "This second hearing was not a new proceeding. It was a stage in a process consisting of the first proceeding before the Board, the remand resulting from review of the Board's order in the Circuit Court of Appeals, and the second proceeding before the Board in response to this remand." The case, in that regard, bears some resemblance to the instant case. After the remand from the Supreme Court and a rehearing, this Court ordered enforcement of the Board's order. Donnelly Garment Co. v. N. L. R. B., 8 Cir., 165 F.2d 940. We said (page 942): "Our conclusion is that, even if the Board has reached erroneous conclusions as to the facts, its findings, or at least enough of them to sustain its order, have a sufficient evidentiary basis to be binding upon this Court." We also quoted the following from our decision in N. L. R. B. v. May Department Stores Co., 8 Cir., 162 F.2d 247, 249 (certiorari denied 332 U.S. 808, 68 S.Ct. 107, 92 L.Ed. 385):

"* * * Whatever mistakes the Board may make in appraising the credibility of witnesses and the weight of evidence, and in drawing inferences from conflicting or circumstantial evidence, are errors of fact which, like similar errors committed by a jury, are not subject to correction on review. * * * The findings of the Board upon issues of fact are conclusive on review, no matter how convincing may be the argument that upon the evidence the findings should have been different."

See also: Robinson v. Railroad Retirement Board, 8 Cir., 184 F.2d 703, 705; N. L. R. B. v. Minnesota Mining & Manufacturing Co., 8 Cir., 179 F.2d 323, 325–

326; N. L. R. B. v. Solo Cup Company, 8 Cir., 237 F.2d 521, 522–523. Cf. Northwest Bancorporation v. Board of Governors of Federal Reserve System, 8 Cir., 303 F.2d 832, 840–841; N. L. R. B. v. Hamilton Plastic Molding Co., 6 Cir., 312 F.2d 723.

The findings of the Board with respect to the status of the eight employees who were not included in the designated bargaining unit and whose votes were not counted at the election in the representation proceeding, cannot be said to be entirely lacking in adequate evidentiary support or without "warrant in the record". N. L. R. B. v. Hearst Publications, Inc., 322 U.S. 111, 131, 64 S.Ct. 851, 88 L.Ed. 1170. If the Board erred, as the respondent insists that it did, in deciding that these employees were supervisors within the meaning of the Act, the error was, in our opinion, an error of fact and not subject to correction by this Court.

The petition of the Board for enforcement of its order is granted.