NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SOUTHERN TRANSPORT, INC.,
Respondent.

No. 17667.

United States Court of Appeals
Eighth Circuit.
April 14, 1965.

Duane R. Batista, Atty., N. L. R. B., Washington, D. C., made argument for the petitioner and filed brief with Arnold Ordman, Gen. Counsel, N. L. R. B., Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Assistant Gen. Counsel and Elliott Moore, Atty. N. L. R. B., Washington, D. C.

Karl Mueller, of Mueller & Mueller, Fort Worth, Tex., made argument for the respondent and filed brief with Harold E. Mueller, Fort Worth, Tex.

Before MATTHES and RIDGE, Circuit Judges, and HANSON, District Judge.

HANSON, District Judge.

This case is before the court upon petition of the National Labor Relations Board for enforcement of its Order issued against respondent, Southern Transport, Inc. The Board's decision and order and the intermediate report and recommended order of the trial examiner are reported in 145 N.L.R.B. 615. Inasmuch as the facts are there set out in detail, we deem it unnecessary to engage in full repetition thereof. During August 1962 the Truck Drivers and Helpers Local Union No. 568 was engaged in an organizational campaign among the employees of Southern Transport, Inc. The Union won the election on September 7, 1962, and was certified by the Board as bargaining representative for the employees of Southern Transport, Inc. on September 17, 1962.

The negotiations for a bargaining contract started as early as September 20, 1962. The first meeting between the Union and respondent was held on October 12, 1962. Difficulty was encountered over several provisions of the bargaining contract contemplated by the Union.

One of the problems was the hourly rate of pay. Respondent had not been complying with the Fair Labor Standards Act in respect to the overtime requirements. Respondent cut its straight time pay in order that its overtime rate would be one and one-half times the straight rate and hence comply with the Fair Labor Standards Act overtime pay requirements. Respondent took the position that it could not increase wages without having more trouble with the Fair Labor Standards Act. Difficulty was also encountered over a proposal that employees be required to abide by existing Company rules and that failure to comply would constitute a good and sufficient cause for discharge. The problem with this proposal was that the Union was not given a copy of the existing work rules of the Company. Some difficulty was also encountered over a Health and Welfare insurance policy.

A bargaining contract was not reached by February 17, 1963, and the Union, feeling that the respondent was not negotiating in good faith, voted to strike. The strike began February 18, 1963. It was after the strike and sometime in

March 1963 that the parties reached an impasse with respect to wages. As of March 4, 1963, a copy of the existing Company rules had not been furnished to the union. The hearing before the National Labor Relations Board Examiner was held June 24–28, 1963, and the strike was still in effect.

The Board found that the totality of the respondent's conduct disclosed that it had failed to bargain in good faith with the Union in violation of Section 8(a)(5) and (1) of the National Labor Relations Act, and that the strike was an unfair labor practice strike from its inception. The Board ordered the respondent to cease and desist from the unfair labor practices found and from interfering in any other manner with employees' rights under Section 7 of the National Labor Relations Act. The Board ordered the respondent to bargain in good faith and to reinstate upon application all strikers dismissed and to repay wages lost by any striker refused reinstatement within five days of his application.[1]

The history of the negotiations shows that the respondent consistently postponed meetings and when meetings were held the respondent did not bring sufficient information to make an agreement reasonably possible. Information detailing the work rules was not submitted to the Union. The respondent delayed the first meeting for 14 days. The second meeting was not held until a month after that, and the third meeting was not held for another two months. This was in spite of attempts by the Union to have earlier meetings set. The respondent did not present adamant unalterable positions but rather postponed meetings and did not attempt to reach agreement at the meetings. The respondent's activity prior to the certification of the Union in September 1962 supports the Board's position that there was animosity toward the Union on the part of the respondent.

Where there is substantial evidence on the record as a whole supporting the findings of the National Labor Relations Board, enforcement of its Orders must be granted. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. The burden of proving charges of unfair labor practices is on the General Counsel and fragmentary and unrelated suspicions are not sufficient. Bituminous Material & Supply Co. v. N. L. R. B., 281 F.2d 365 (8th Cir.). However, mistakes in appraising credibility and the weight of the evidence to be drawn from conflicting inferences are not subject to review. The question is whether there is sufficient evidentiary basis to be binding upon the court. N. L. R. B. v. Lee-Rowan Co., 316 F.2d 209 (8th Cir.); N. L. R. B. v. May Department Store Co., 162 F.2d 247 (8th Cir.). The Board's findings in this case cannot be said to be entirely lacking in adequate evidentiary support or without warrant in the record.

The Board's finding that the February 18, 1963, strike was caused by respondent's unlawful failure or refusal to bargain is supported by the evidence viewed as a whole. The Union could justifiably conclude that the respondent was deliberately postponing meetings and participating in the meetings in such a manner that made possibility of agreement unlikely. Accordingly, the Board's Order directing reinstatement of employees and ruling that employees be made whole as to losses caused by failure to reinstate within five days of the employee's application was proper.

The respondent asserts that the Board's cease and desist Order is too broad and not supported by the record or the law. The only portion of the Order that the brief of respondent takes issue with on this ground is that portion which orders respondent to cease and desist from in any other manner interfering with, restraining, or coercing its

---

1. The strike was terminated "a year ago" and all strikers who cared to do so returned to work without delay. No contention has been made that anyone has been denied reinstatement or is entitled to back pay.

employees in the exercise of their rights guaranteed in Section 7 of the Act.

The National Labor Relations Board has authority to restrain activity which is persuasively related to the proven unlawful conduct. c.f. Communications Workers, etc. v. N. L. R. B., 362 U.S. 479, 80 S.Ct. 838, 4 L.Ed.2d 896. "When (as here) the purpose to restrain trade appears from a clear violation of law, it is not necessary that all of the untraveled roads to that end be left open and that only the worn one be closed." International Brotherhood of Electrical Workers, etc. v. N. L. R. B., 341 U.S. 694, 706, 71 S.Ct. 954, 961, 95 L.Ed. 1299. The evidence in the record is sufficient to support the Board's Order and the respondent's assertion that it is not supported by the record or the law is without merit in this case.

Enforcement petitioned for in this case is ordered and directed.