**Leola VINEYARD, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

**No. 18604.**

United States Court of Appeals
Eighth Circuit.

May 16, 1967.

Bob J. Keeter, Aurora, Mo., for appellant.

Barefoot Sanders, Asst. Atty. Gen., Department of Justice, Washington, D. C., for appellee; F. Russell Millin, U. S. Atty., Kansas City, Mo., David L. Rose

and Jack H. Weiner, Attorneys, Department of Justice, Washington, D. C., on the brief.

Before VOGEL, Chief Judge, and GIBSON and HEANEY, Circuit Judges.

VOGEL, Chief Judge.

Leola Vineyard, plaintiff-appellant, brought this action under § 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), against the Secretary of Health, Education and Welfare, asking a judicial review of an administrative denial of her application for a period of disability insurance benefits under the Act, 42 U.S.C.A. §§ 416(i) and 423 (a).

On January 3, 1964, the plaintiff filed an application to establish a period of disability and for disability benefits, alleging that she had become unable to work on or about October 13, 1962, at the age of 63 because of "nervousness, arthritis in neck, back & shoulders, migraine headaches, colon trouble". It is undisputed that plaintiff met the specific earnings requirements of the Act so as to be in an insured status only through December 31, 1962.[1] Accordingly, in order to recover herein it became necessary that plaintiff prove that her disability existed on or before December 31, 1962.

In compliance with 42 U.S.C.A. § 421, plaintiff's application was referred to the Missouri Vocational Rehabilitation Agency for determination. On June 3, 1964, by letter the plaintiff was advised that she failed to meet the disability requirements of the Act. Upon reconsideration, the Agency again found that claimant was not under a disability and so notified her by letter of October 19, 1964.

A hearing was then had before a Hearing Examiner. On February 15, 1965, the Examiner rendered his decision denying the application because "the record concerning her condition prior to December 31, 1962, fails to support or establish any impairment of such severity as to preclude her from engaging in any substantial gainful activity". Plaintiff's request for further review was denied by the Appeals Counsel. Thereafter plaintiff instituted this action for judicial review in the courts. Because of an incomplete or faulty recording of the first hearing, the Secretary moved the District Court to remand the case for further administrative proceedings. The case was remanded on August 27, 1965. A second Hearing Examiner then conducted a supplemental hearing de novo at which the plaintiff was represented by counsel.

After hearing numerous witnesses at the second hearing and receiving some 56 documentary exhibits, the Examiner also denied the application. He found, inter alia:

"4. That the claimant's multiple complaints are greatly out of proportion to the medical evidence and are not substantiated by the evidence."

He further found:

"5. That the claimant's emotional or functional disturbance, with manifestations thereof, was not, either singly or in combination, of sufficient severity at any time the claimant met the earnings requirements to preclude substantial gainful activity within the meaning of the Act."

On review, the Appeals Counsel affirmed. Such determination became that of the Secretary and the case then again appeared in the United States District

---

1. 42 U.S.C.A. § 416(i) (3) (B):
   "The requirements referred to in clauses (A) and (B) of paragraph (2) of this subsection are satisfied by an individual with respect to any quarter only if—
   *     *     *     *     *     *
   "(B) he had not less than twenty quarters of coverage during the forty-quarter period which ends with such quarter, not counting as part of such forty-quarter period any quarter any part of which was included in a prior period of disability unless such quarter was a quarter of coverage;"

Court for the Western District of Missouri.

The medical evidence offered before the Examiner and which was before the Appeals Counsel and the Secretary was extensive. It consisted of 22 medical reports by 13 doctors and chiropractors and reviews thereof by two medical consultants. The issues presented in the District Court for review were: (1) Whether plaintiff received a fair hearing from the Administrative Agency; (2) whether the Administrative Agency ignored the applicable decisions pertaining to plaintiff's case; (3) whether the decision of the Secretary is contrary to the evidence presented or not supported by substantial evidence in the record. In a carefully considered opinion, Judge Hunter found that the hearing received by the plaintiff from the Administrative Agency was entirely fair, that the Administrative Agency did not ignore the applicable decisions pertaining to plaintiff's case, and that:

"On the ultimate issue of disability there is substantial evidence to support a finding that plaintiff was not disabled on the critical earnings date. On this point there was conflicting medical evidence and the hearing examiner was free to believe the evidence of no disability under the Act. Specifically, Dr. Dolan stated he could find no reason why plaintiff should be considered 100 per cent disabled. Dr. McAlhany stated it was his opinion plaintiff is able to engage in some functional activity. Dr. Ash stated claimant has moderate discomfort when doing full activity due to degenerative arthritis but that there is no particular limitation of motion or particular limitation of ability except for duration. Dr. Hookman reviewed the medical evidence in the case in August 1965 and concluded that there was no specific impairment which would completely preclude employment and no combination of impairments which would tend to preclude employment.

Dr. Crockett, the medical advisor at the hearing, stated that tension headaches are not necessarily disabling. Further, plaintiff's attorney referring to the medical evidence in effect stated that there was evidence on each side of the issue of the ability of plaintiff to work at the critical date. The responses of the vocational consultant, Mr. Krauskopf, to the hypothetical questions propounded by the hearing examiner also support the decision of the hearing examiner that plaintiff was not disabled in terms of the Act on the critical date.

"There is additional evidence in the record to support the Secretary's determination of this matter. However, the Court does not deem it necessary to specifically recount more.

"Therefore, this Court finds that there is substantial evidence in the record to support the findings and decision of the Secretary. The motion for summary judgment in favor of the defendant is granted, and the complaint is dismissed. The motion for summary judgment filed by the plaintiff is denied."

■ On appeal to this court plaintiff-appellant raises the single issue of " * * whether the decision of the administrative agency is supported by substantial evidence in the record under the existing law". We have examined in detail the very extensive record in this case. Without question, there is major conflict among the many physicians, surgeons, neurologists, chiropractors and other specialists who examined or testified herein. What the District Court would have done or what we would do if the matter were being tried de novo is of complete immateriality. The findings of fact and the inferences that may be drawn therefrom by the Secretary are conclusive if supported by substantial evidence. 42 U.S.C.A. § 405 specifically provides that the Secretary shall make findings of fact and decisions as to the rights of an applicant for payment under

the Act. Upon judicial review, it provides that:

"(g) * * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. *The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *.*" (Emphasis supplied.)

The record in this case is comparable to that presented this court in Celebrezze v. Bolas, 8 Cir., 1963, 316 F.2d 498, where Judge Blackmun said so clearly at pages 506–507:

"To summarize: the evidence, particularly the testimony of the four physicians, clearly created the not unusual situation of opposing and conflicting medical testimony as to the claimant's disability. There is thus substantial evidence each way and it is such as would justify whichever finding and conclusion the trier of fact made. The resolution of this conflict is what the trier of fact is for. Had this case been one tried to a jury it is obvious to us that Bolas would not have been entitled to a directed verdict and that the jury's verdict either way would have been conclusive. Consequently, the Secretary's decision here, if it be wrong, is an error of fact and is not subject to correction by a reviewing court. Robinson v. Railroad Retirement Bd., 8 Cir., 1950, 184 F.2d 703, 705. We must not allow ourselves to regard an administrative agency charged with fact finding duties 'to act as a sort of special master for this Court, to report testimony, to make advisory findings, and to enter an advisory judgment.' Pendergrass v. New York Life Ins. Co., 8 Cir., 1950, 181 F.2d 136, 138."

See, also, Nichols v. Gardner, 8 Cir., 1966, 361 F.2d 963, 964–965; Brasher v. Celebrezze, 8 Cir., 1965, 340 F.2d 413, 414; Celebrezze v. Sutton, 8 Cir., 1964,

338 F.2d 417, 418; Kohrs v. Flemming, 8 Cir., 1959, 272 F.2d 731, 732, 737.

We hold here that the findings of the Secretary and the reasonable inferences drawn therefrom are amply supported by substantial evidence and are, therefore, conclusive.

Affirmed.