**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BIEDERMAN FURNITURE COMPANY, Respondent.**

**No. 19100.**

United States Court of Appeals Eighth Circuit.

July 11, 1968.

Rehearing Denied Aug. 12, 1968.

Gaylord C. Burke of Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., made argument and filed brief for the respondent, Biederman Furniture Co.

Robert E. Williams, Atty., N. L. R. B., Washington, D. C., made argument for the Labor Board, Petitioner. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Glen M. Bendixsen, Atty., N. L. R. B., Washington, D. C., were with Robert E. Wil-

---

liams, Washington, D. C., on the brief for the petitioner.

Before VAN OOSTERHOUT, Chief Judge, and HEANEY, Circuit Judge and REGISTER, Chief District Judge.

PER CURIAM.

The National Labor Relations Board petitions this Court for enforcement of its order against the respondent, Biederman Furniture Company. The Board's decision and order are reported at 164 NLRB 12 (1967), 65 LRRM 1079.

The Board adopted the Trial Examiner's findings and conclusions that the Company had violated Section 8(a) (1) and (3) of the National Labor Relations Act by transferring a sales employee, Herbert Jagust, to a less desirable position because of concerted activities (voicing strong objections at a labor-management grievance meeting to a change in credit procedures which he claimed would result in reduced commissions for salesmen). It also adopted the Trial Examiner's findings and conclusion that Section 8(a) (1) of the Act had been violated when a supervisor told an employee, Leonard Fleck, that Jagust was "getting himself into trouble" because of his activities and, on another occasion, that the Company had decided to "get" Jagust and would use his allegedly bad sales record as a pretext to do so.

The Board's order requires the Company to cease and desist from the unfair labor practices found, or otherwise interfering with the employee's right under the Act. It also requires the Company to reinstate Jagust to his former position, or its substantial equivalent, to make him whole and to post appropriate notices.

The principal question for decision is whether the Board's findings are supported by substantial evidence on the record as a whole. The answer to this question turns somewhat on whether the Trial Examiner and the Board properly credited the testimony of Fleck.

 We have reviewed the record carefully and hold that the Board properly credited Fleck's testimony, see, Marshfield Steel Company v. N.L.R.B., 324 F.2d 333, 336 (8th Cir. 1963); N. L.R.B. v. Morrison Cafeteria Co. of Little Rock, Inc., 311 F.2d 534, 537 (8th Cir. 1963), and that its findings are supported by substantial evidence on the record as a whole.

The Company contends that insofar as the order requires the respondent to cease and desist from "any other manner" interfering with employees in the exercise of their rights is so vague and indefinite as to be unenforcible. We do not agree. See, N.L.R.B. v. Southern Transport, Inc., 343 F.2d 558, 560–561 (8th Cir. 1965).

We conclude that the petition of the Board should be granted. The order will be enforced.

A true copy.

Before VAN OOSTERHOUT, Chief Judge and HEANEY, Circuit Judge, and REGISTER, District Judge.

PER CURIAM.

 The respondent has requested that it be granted a rehearing or, in the alternative, that the opinion and order of this Court be modified so as to delete from the order of the Board that portion of the order that would require the respondent to cease and desist from "or any other manner" interfering with, restraining, or coercing its employees in the exercise of rights guaranteed to them by Section 7 of the Act.

The opinion of the Court is modified in accordance with the respondent's request, and it is ordered that the decree shall be modified by striking therefrom paragraph 1(c) and that the notice required to be posted be similarly modified by striking paragraph 3 of it.