COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, ET AL. *v.* NATIONAL LABOR RELATIONS BOARD.

No. 418. Argued April 18, 1960.—Decided May 2, 1960.

*J. R. Goldthwaite, Jr.* argued the cause for petitioners. With him on the brief were *Al Philip Kane, Charles V. Koons* and *Thomas S. Adair.*

*Dominick L. Manoli* argued the cause for respondent. With him on the brief were *Stuart Rothman* and *Herman M. Levy.*

PER CURIAM.

The Board found that the petitioner unions, during the course of a strike, coerced employees of the Ohio Consolidated Telephone Company in the exercise of their right to refrain from or discontinue participation therein, in violation of § 8 (b)(1)(A) of the National Labor Rela-

tions Act.[1] It entered an order requiring the unions to cease and desist "from *in any manner* restraining or coercing employees of Ohio Consolidated Telephone Company *or any other employer* in the exercise of the rights guaranteed in Section 7 of the Act." (Emphasis supplied.) The Court of Appeals enforced the order after deleting the words "in any manner." 266 F. 2d 823. Because of an asserted conflict with the decision of the Court of Appeals for the Fifth Circuit in *Labor Board* v. *Local 926, Int. Union of Operating Engrs.*, 267 F. 2d 418, we brought the case here. 361 U. S. 893. The only challenge here to the order as so amended is to its validity as extended to "any other employer," as well as the telephone company.

Petitioners were not found to have engaged in violations against the employees of any employer other than Ohio Consolidated and we find neither justification nor necessity for extending the coverage of the order generally by the inclusion therein of the phrase "any other employer." "It would seem . . . clear that the authority conferred on the Board to restrain the practice which it has found . . . to have [been] committed is not an authority to restrain

---

[1] That section reads in pertinent part:

SEC. 8 (b). "It shall be an unfair labor practice for a labor organization or its agents—

"(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 7 . . . ." 61 Stat. 141.

Section 7 provides:

"Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8 (a) (3)." 61 Stat. 140.

generally all other unlawful practices which it has neither found to have been pursued nor persuasively to be related to the proven unlawful conduct." *Labor Board* v. *Express Pub. Co.*, 312 U. S. 426, 433 (1941). See also *May Stores Co.* v. *Labor Board*, 326 U. S. 376 (1945). That loaned employees of other affiliated companies were included within the ambit of petitioners' coercive acts plainly does not evidence such a generalized scheme against all telephone employers, for it was only the employment of such employees at the struck plant that brought them within the scope of the unions' activities.[2] We therefore conclude that the inclusion in the order of the words "or any other employer" was unwarranted and the order is modified by striking the same therefrom. As so modified, the judgment is affirmed.

*Modified and affirmed.*

---

[2] In the Court of Appeals, the Board sought to justify the breadth of its order by relying on two compromise settlement agreements involving activities of the International and other locals against other employers. Neither the opinion of the Board nor that of the Court of Appeals in this case indicates that any reliance was placed on such agreements, and in this Court the Board disclaims any such reliance.