280 F.2d 441
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LOCAL 476, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES
OF the PLUMBING AND PIPEFITTING INDUSTRY OF the
UNITED STATES AND CANADA, AFL-CIO and
Its Business Agent, William
O'Brien, Respondents.
 No. 5590.
 United States Court of Appeals First Circuit.
 Heard March 1, 1960.
Decided July 18, 1960.
 
 Russell Specter, Atty., Washington, D.C., with whom Stuart Rothman, Gen. Counsel, Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Melvin J. Welles, Atty., Washington, D.C., were on brief, for petitioner.
 William A. Curran, Providence, R.I., with whom Raymond E. Jordan and Sherwood & Clifford, Providence, R.I., were on brief, for respondent.
 Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit judges.
 HARTIGAN, Circuit Judge.
 
 
 1
 This is a petition for enforcement of an order of the National Labor Relations Board entered August 20, 1959 pursuant to the Board's decision, 124 N.L.R.B. No. 75, which found that respondent union, Local 476, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, and its business agent William O'Brien, violated Section 8(b)(4)(A), 49 Stat. 452 (1947), 29 U.S.C.A. 158(b)(4)(A).[1]
 
 
 2
 The Board found that the respondents violated this section of the Act by inducing and encouraging employees of Joseph P. Cuddigan, Inc., a subcontractor installing heating equipment, to engage in a concerted refusal to work with an object of compelling Cuddigan to cease doing business with E. Turgeon Construction Co., Inc., the general contractor. Respondents contend that the petition should be denied because (1) there is not substantial evidence in the record considered as a whole to support the Board's findings, and (2) that even if the record contains such substantial evidence the record does not warrant the broad order.
 
 
 3
 We are satisfied that the record viewed as a whole does contain substantial evidence to support the Board's findings. In the record there is testimony by George Alfred Turgeon, president of the E. Turgeon Construction Co., that William O'Brien, business agent of the union, Local 476, phoned him and asked him to put a steamfitter on the job of maintaining and operating the temporary heating system in the construction project. Turgeon testified he replied 'no' and that O'Brien said he would have to take the steamfitters off the job. The testimony of Robert Skinner, Cuddigan's foreman on the project, and Douglas Brunt, a Cuddigan employee, was that O'Brien came to the project on the following Monday and told them that if they did not hear from him that they should lock the tool box and leave the job until he contacted them. Turgeon testified to a conversation with Skinner in which Skinner said he was following instructions and in response to a question said he supposed that the taking of Cuddigan's men off the job was on account of the temporary heating problem. The minutes of a meeting of the executive board of the union stated that the decision to walk off the Turgeon job was made to protect the jurisdiction of the steamfitters.
 
 
 4
 O'Brien testified that his purpose in visiting the project and in contacting Turgeon was to find out who was responsible for maintaining the temporary heat and that he was unable to discover who made the ruling depriving the union of jobs rightfully belonging to it. However, O'Brien admitted that his only interest in the temporary heat situation would be to have a steamfitter hired, and such was understood by Turgeon when O'Brien called him.
 
 
 5
 On the record viewed as a whole we conclude that there is substantial evidence to support the Board's finding of a violation of Section 8(b)(4)(A).
 
 
 6
 In regard to respondents' contention that the petition should be dismissed because the Board's order is too broad, we are of the opinion that there is not sufficient evidence in the record to support the issuance of the broad order. The order requires that respondents cease and desist from inducing or encouraging 'employees of Joseph P. Cuddigan, Inc. or of any other employer' to engage in a strike or concerted refusal to work where an object thereof is to force 'Joseph P. Cuddigan, Inc., or any other employer or person to cease doing business with E. Turgeon Construction Co. or any other company or person' and to post appropriate notices. As we indicated in National Labor Relations Board v. Bangor Building Trades Council, AFL-CIO et al., 1 Cir., 278 F.2d 287, and in National Labor Relations Board v. Local 111, United Brotherhood of Carpenters and Joiners, etc. et al., 1 Cir., 278 F.2d 823, enforcement of a broad order will be granted only where the record supports a conclusion of the necessity or appropriateness of such a broad order. Communications Workers of America, AFL-CIO et al. v. N.L.R.B., 1960, 362 U.S. 479, 480, 481, 80 S.Ct. 838, 4 L.Ed.2d 896. See also N.L.R.B. v. United Brotherhood of Carpenters, 7 Cir., 1960, 276 F.2d 694; N.L.R.B. v. Local 926, International Union of Operating Engineers etc., 5 Cir., 1959, 267 F.2d 418; International Brotherhood of Teamsters, etc. v. N.L.R.B., 1958, 104 U.S.App.D.C. 359, 262 F.2d 456.
 
 
 7
 In the instant case, neither the trial examiner nor the Board made any finding relating to the likelihood of similar violations by respondents. The only facts pointed out by counsel for the Board on this petition are that the respondent union had a collective bargaining agreement with an association of heating and piping contractors and that the union's decision was made to protect its jurisdiction. These facts alone do not sufficiently indicate that respondents will commit similar violations as to others in the future. Nor can reliance be placed on a past dispute as to employment of a steamfitter to maintain a temporary heating system which was mentioned in the record, since the settlement agreement specifically disclaims any admission by the union of a Section 8(b)(4)(A) violation. See N.L.R.B. v. Local 926, International Union of Operating Engineers, etc., supra. This certainly cannot support a conclusion of a 'proclivity for unlawful conduct.' McComb v. Jacksonville Paper Co., 1949, 336 U.S. 187, 192, 69 S.Ct. 497, 500, 93 L.Ed. 599.
 
 
 8
 We do not agree with respondents' contention that the undue breadth of the order warrants dismissal of the petition. Section 10(e) of the Act, 29 U.S.C.A. 160(e) empowers this court to modify an order on a petition for enforcement. We shall modify the broad order by striking the phrases 'or of any other employer', 'or any other employer or person' and 'or any other company or person' from the order and thus enter a decree enforcing the order as so modified.
 
 
 9
 A decree will be entered enforcing the order of the Board except to the extent inconsistent with this opinion.
 
 
 
 [1]
 This section has been amended by Pub.L. 86-257, 704(a), 73 Stat. 542 (1959) but governs this case