
NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

BRANDMAN IRON COMPANY,
Respondent.

No. 14238.

United States Court of Appeals
Sixth Circuit.

Aug. 15, 1960.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Richard S. Cole, Toledo, Ohio, for respondent.

Before MARTIN, CECIL and WEICK, Circuit Judges.

PER CURIAM.

The Court, sua sponte, struck from the Order of the Board sought to be enforced, the language "or any other labor organization."

We are asked to reconsider our ruling. It is pointed out that the Order of the Board was consented to by the respondent who also stipulated that the decree could be entered thereon by this Court. Also that the complaint filed before the Board contained the language "or any other labor organization." No evidence was offered either before the Board or the Court.

The only union involved before the Board was Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 20. No other union had filed a complaint against the employer.

A somewhat similar question is involved in another case pending in this Court, namely, National Labor Relations Board v. Murray Ohio Manufacturing Co., 279 F.2d 686, which leads us to believe that the practice of entering so-called "broad" orders is not at all uncommon.

In striking out the language we believed objectionable, we acted on the authority of Communication Workers of America v. N. L. R. B., 362 U.S. 479, 80 S.Ct. 838, 840, 4 L.Ed.2d 896; Cf. N. L. R. B. v. Local 926, International Union of Operating Engineers, 5 Cir., 267 F.2d 418.

While the Communication Workers case involved the language "or any other employer" and the present case "or any other labor union," we think this is a distinction without a difference. If it should become necessary to enforce the Court's order by contempt proceedings, the question may very well be presented

as to the power of the Board or the Court to enter orders protecting unions or employers who were not parties to the proceedings.

 Even though no objection was made to the decree, as we see it there is a duty on the Court to carefully examine all decrees submitted and to fashion them, if necessary, in accordance with accepted legal standards. The Court is under no mandatory requirement to enter a decree in whatever form it may be presented because the parties have consented. See concurring opinion of Justice Stone in N. L. R. B. v. Cheney Lumber Co., 327 U.S. 385, 389–391, 66 S.Ct. 553, 90 L.Ed. 739; Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754.

The motion for reconsideration is denied.

CECIL, Circuit Judge (dissenting).

I would sustain the motion on the authority of N. L. R. B. v. Cheney California Lumber Co., 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739.