NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

DALLAS GENERAL DRIVERS, WARE-
HOUSEMEN AND HELPERS LOCAL
UNION NO. 745, Respondent.

No. 18091.

United States Court of Appeals
Fifth Circuit.

Aug. 18, 1960.

Modified on Denial of Rehearing
Oct. 13, 1960.

Richard H. Frank, Atty., Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Duane B. Beeson, Atty., N. L. R. B., Washington, D. C., for petitioner.

L. N. D. Wells, Jr., Mullinax, Wells, Morris & Mauzy, Dallas, Tex., for respondent Union.

Before RIVES, Chief Judge, and CAMERON and BROWN, Circuit Judges.

PER CURIAM.

The questions presented for decision are: (1) whether substantial evidence supports the Board's finding that the respondent union intended, by its picketing at construction projects, to induce work stoppages by employees of contractors other than Macatee, Inc. and thereby violated Section 8(b) (4) (A) of the National Labor Relations Act[1] and (2) whether the Board's order is too broad

---

1. Section 8(b) (4) (A) of the Act, as it was in effect during the events in this case, provides that it shall be an unfair labor practice for a labor organization or its agents—

"* * * to engage in or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment * * * or to perform any services, where an object thereof is: (A) forcing or requiring * * * any employer or other person * * * to cease doing business with any other person."

Section 8(b) (4) was amended in the Fall of 1959, and the provision applicable here was renumbered as Section 8(b)

The Trial Examiner, after a two-day hearing, made findings of fact "upon the entire record in the case, including stipulations of the parties, and from my observation of the witnesses," which comprise thirty-five pages of the printed record. The Board adopted the findings of the Trial Examiner, and based its conclusion that the picketing of construction sites was for such unlawful objective upon the following:

"(1) The primary employer, Macatee, had a permanent place of business where all its employees, including those not directly involved in the labor dispute with the Respondent Union, regularly reported, and where the Respondent Union could and did publicize its dispute to, and solicit the support of, Macatee's employees.[2] If the Respondent Union's object was only to seek the support of the primary employer's employees, there was no need for picketing the premises of neutral employers.

"(2) The Respondent Union's letter to employers in the construction industry in Dallas requesting them to cease doing business with Macatee until the labor dispute was settled.[3]

"(3) In many instances, employees of neutral employers quit work when Respondent Union's pickets appeared.[4]

"(4) On February 26 and 27, 1959, Respondent Union's pickets picketed the entire length of the John Deere property facing on Harry Hines Boulevard rather than limiting themselves to the area adjacent to the place where Macatee's employees were working on the project.[5] On February 25, 1959, Respondent Union's pickets continued picketing the Richardson project for 2 hours after the Macatee's and other employer's employees had ceased working and had left the job.

"In view of the foregoing, we find, as did the Trial Examiner, that Respondent Union violated Section 8(b) (4) (A) by its picketing at the construction sites of neutral employers.[6]

(4) (B). See Public Law 86–257 of 1959, 29 U.S.C.A. § 158(b) (4) (A).

"2. Amarillo General Drivers, Warehousemen and Helpers Local Union No. 577. (Crowe-Gulde Cement Company), 122 N.L.R.B. No. 153.

"3. *Idem.* (In this case a substantially identical letter was held evidence of the respondent union's objective in engaging in secondary employer picketing. See fn. 4): N. L. R. B. v. Associated Musicians, 2 Cir., 226 F. 2d 900, 904; N. L. R. B. v. Denver Building and Construction Trades Council, 10 Cir., 193 F.2d 421, 423–424.

"4. Amarillo General Drivers, Warehousemen and Helpers, Local Union No. 577 (Crowe-Gulde Cement Company), supra.

"5. Amarillo General Drivers, Warehousemen and Helpers, Local Union No. 577 (Crowe-Gulde Cement Company), supra.

"6. In affirming the conclusion of the Trial Examiner, we have not adopted his reasoning based on the supposed analogy to the Otis Massey case (109 N.

L.R.B. 275, enforcement denied 225 F. 2d 205, certiorari denied 350 U.S. 914. In Otis Massey, the circuit court refused to enforce the Board's decision because it felt that the Board had ignored evidence which it regarded as establishing that the respondent union was not picketing for an unlawful objective. The court later pointed out that in its Otis Massey decision the other employees of the primary employer at the common construction situs picketed 'almost never came to the primary employer's principal situs, the warehouse,' and the criteria evolved by the Board in Moore Drydock (92 N.L.R.B. 547) 'were scrupulously observed.' N. L. R. B. v. Truck Drivers and Helpers (National Trucking Co.) 5 Cir., 228 F.2d 791, 796. See also N. L. R. B. v. Associated Musicians, 2 Cir., 226 F. 2d 900, 906. In the present case, we rely for our finding of illegal objective not only on the fact that the primary employer had a permanent place of business where the Respondent Union could adequately publicize its dispute to all employees of the primary employer, including these not directly

The recommendations of the Trial Examiner included the following:

" * * * As this is not the first such violation in which the Respondent has engaged,[29] it may reasonably be expected that the Respondent will continue to commit similar violations in the future. Therefore the recommended order will not be limited only to the individual employers named herein, but instead will apply to any other employers as well.[30]

The Board's Order broadly required the respondent union to:

"1. Cease and desist from engaging in, or inducing or encouraging employees of *employers other than Macatee, Inc.* to engage in a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services, where an object thereof is to force or require *any employer or other person* to cease using, selling, handling, transporting, or otherwise dealing in the products of Macatee, Inc., or to cease doing business with that company *or any other company*." (Emphasis supplied.)

and to post specified notices and make certain reports.

involved in the dispute, but also on the other evidence set forth above."

"29. Dallas General Drivers, Warehousemen & Helpers, etc. (Associated Wholesale Grocery of Dallas, Inc.), 118 N.L.R.B. 1251, enf. 43 L.R.R.M. 2696 (C.A.5). See also Dallas General Drivers, Warehousemen & Helpers, etc. (Hildebrand Warehouse Company), 111 N.L.R.B. 1313, where the Respondent complied with the Trial Examiner's recommended order.

"30. Local 926, International Union of Operating Engineers, AFL–CIO (Armco Drainage and Metal Products, Inc.), 120 N.L.R.B. 188, 189."

2. "Union excepts to the expansion of the order beyond the employers named in the

The respondent union makes no attack upon the findings of fact by the Trial Examiner, but earnestly insists that the record taken as a whole does not present a substantial basis of believable evidence pointing toward the unlawful motive. See N.L.R.B. v. General Drivers, etc., 5 Cir., 1955, 225 F.2d 205, 211; compare N.L.R.B. v. Dan River Mills, 5 Cir., 1960, 274 F.2d 381, 385.

■ After carefully studying the record and considering the briefs and arguments, we find that the Board's finding is supported by substantial evidence for the reasons already adequately stated in the Board's decision. See also Superior Derrick Corporation v. N.L.R.B., 5 Cir., 1960, 273 F.2d 891.

■ As to the breadth of the Board's order, the Board's brief is silent. The Board failed to rule upon Exception No. 14 of the respondent union raising the point.[2] Upon the authorities cited by the respondent union in its exception (footnote 2, supra) and upon the recent Supreme Court decision in Communication Workers, etc. v. N.L.R.B., 362 U.S. 479, 80 S.Ct. 838, 4 L.Ed.2d 896, and our decision in N.L.R.B. v. Local 926, etc., 5 Cir., 1959, 267 F.2d 418, 421, we hold that that part of the order of the Board heretofore quoted is too broad and should be modified to read as follows:

"1. Cease and desist from engaging in, or inducing or encourag-

Complaint to apply to all employers without limitation, for the reason that there is no pleading to support such order, for the further reason that respondent has never been notified that such order was sought nor had any opportunity to defend against such order, and for the further reason that there is no evidence to support such order. Said order is too broad and beyond the Board powers for the reasons set forth in the decision of the United States Court of Appeals for the Fifth Circuit in N. L. R. B. v. Ford Motor, 119 F.2d 326 (C.A.5, 1941) and N. L. R. B. v. Local 926 Operating Engineers, 267 F.2d 418, 44 L.R.R.M. 2201 (C.A.5, May 26, 1959), and Truck Drivers, etc. No. 728 v. N. L. R. B., 265 F.2d 439."

ing employees of J. W. Bateson Company, Inc. or Gower & Folsom Construction Company to engage in a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials or commodities or to perform any services, where an object thereof is to force or require J. W. Bateson Company, Inc. or Gower & Folsom Construction Company to cease using, selling, handling, transporting, or otherwise dealing in the products of Macatee, Inc., or to cease doing business with that Company."

As so modified the order of the Board is enforced.

On Petition for Rehearing

PER CURIAM.

In the light of International Broth. of Elec. Workers, Local 501 v. N. L. R. B., 1951, 341 U.S. 694, 705–706, 71 S.Ct. 954, 95 L.Ed. 1299, it appears that in that part of the order quoted in our original opinion the Board properly used the first two phrases which we italicized, viz: (1) "employers other than Macatee, Inc.," (2) "any employer or other person." Only the final phrase of that part of the order should be stricken, viz.: "or any other company."

As so modified, the order of the Board is enforced.

In other respects the petition for rehearing is denied.