**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNITED HATTERS, CAP & MILLINERY WORKERS INTERNATIONAL UNION, AFL-CIO, Respondent.**

**No. 14287.**

United States Court of Appeals
Sixth Circuit.

June 6, 1961.

For original opinion see 288 F.2d 436.

Stuart, Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Duane B. Beeson and Joseph C. Thackery, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

Herbert L. Segal, Louisville, Ky., and Isadore Katz, Lieberman, Katz & Aronson, New York City, for respondent.

Before CECIL and O'SULLIVAN, Circuit Judges, and KALBFLEISCH, District Judge.

PER CURIAM.

The respondent, United Hatters, Cap & Millinery Workers International Union, AFL-CIO, has filed a petition for rehearing upon the order of this Court enforcing the order of the National Labor Relations Board.

It is claimed that the Court should have modified the order of the Board by striking therefrom the words, "any other employer" from paragraph 1.(b) of the order. Although there seems to be very little significance to this phrase, either as a detriment to the respondent or as an advantage to the Board, it and other similar phrases have been the subject of considerable judicial opinion.

In National Labor Relations Board v. Ochoa Fertilizer Corporation et al. and six other cases, 1 Cir., 283 F.2d 26, Oct. 18, 1960, all involving consent decrees, the Court modified the Board's order by striking similar phrases. In these cases no objection was made by the respondents to the language in question. The Supreme Court granted certiorari 365 U.S. 833, 81 S.Ct. 746, 5 L.Ed.2d 743 and the case is now pending in that Court.

In National Labor Relations Board v. Local 926, 5 Cir., International Union of Operating Engineers, AFL-CIO, 267 F.2d 418, 420, May 26, 1959, the Court modified an order of the Board by striking from it the phrase "or with any other employer or person."

The Supreme Court granted certiorari (361 U.S. 893, 80 S.Ct. 199, 4 L.Ed.2d 150) in National Labor Relations Board v. Communications Workers of America, AFL-CIO, 6 Cir., 266 F.2d 823, because of a conflict between it and the Fifth Circuit case cited in the preceding paragraph. In the former case the Court of Appeals refused to modify the order of the Board by striking the words "any other employer." It does not appear that no objection was made to this language before the Board. The Supreme Court found there was no justification for extending the order by the use of the words, "any other employer" and modified the judgment of the Court of Appeals accordingly. 362 U.S. 479, 80 S.Ct. 838, 4 L.Ed.2d 896.

The Eighth Circuit modified an order of the Board by striking from it the phrases, "or (of any employer) other than Economy Forms Corporation," and "(or any other employer or person)." National Labor Relations Board v. International Hod Carriers, Building and

Common Laborers' Union of America, Local 1140, AFL-CIO, 285 F.2d 394, 395, Dec. 22, 1960.

On petition for rehearing the Second Circuit withdrew an order in which it had modified an order of the Board by striking language similar to that used in this and other cases here cited and ordered the Board's order enforced without modification. National Labor Relations Board v. Enterprise Association of Steam, Hot Water, Hydraulic, Sprinkler, Pneumatic Tube, Ice Machine and General Pipefitters of New York and Vicinity, Local Union No. 638, of The United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada. 285 F.2d 642, Jan. 30, 1961.

There is a conflict in our own Circuit. See National Labor Relations Board v. Brandman Iron Company, 281 F.2d 797, and National Labor Relations Board v. Murray Ohio Mfg. Co., No. 14175, in the Court of Appeals for the Sixth Circuit, order dated August 15, 1960. (Not reported.)

The Brandman case followed Communications Workers, supra. The Murray Ohio Mfg. Co. case followed National Labor Relations Board v. Cheney California Lumber Co., 1946, 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739, on the theory that no objection was made to the language in question before the Board. Section 160 (e), 29 U.S.C.A.

This question is presented in the Ochoa Fertilizer case, supra, now pending in the Supreme Court. In view of this and of the conflict in authorities we are of the opinion that this question should be reserved for further consideration until the Supreme Court has passed on the Ochoa Fertilizer case.

In the petition for rehearing counsel for respondent claims that timely objection was made to the phrase under consideration. The objection was made to lines 36 through 63, on page 14, of the intermediate report. Herein was contained the recommendations of the examiner from which the order of the Board was drawn.

It would seem that such an objection would go only to the general provisions of the report or order and that neither the Board nor this Court should be required to comb the report as to every word and phrase in it. An objection that is worthy of consideration should be specifically directed to the attention of the Board.

The questions of modification of the order, by striking the phrase "any other employer" and whether proper objection was made, will be held in abeyance for further consideration of the Court. In all other respects the order of this Court, of March 17, 1961, shall be effective as of the date filed.

The petition for rehearing is denied.