377 F.2d 528
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LOCALS 138, 138A, 138B, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, Respondents.
 Nos. 423-426.
 Dockets 30901-30904.
 United States Court of Appeals Second Circuit.
 Argued April 19, 1967.
 Decided May 1, 1967.
 
 Charles N. Steele, N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel and Solomon I. Hirsh, Washington, D. C., on the brief), for petitioner.
 Harry H. Kutner, Mineola, N. Y., for respondents.
 Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.
 LUMBARD, Chief Judge:
 
 
 1
 The sole question raised by the petition of the National Labor Relations Board for enforcement of its order of July 15, 1965 directing the respondents, Locals 138, 138A, and 138B, International Union of Operating Engineers, AFL-CIO, to cease and desist from strikes and other conduct designed to compel assignment of the operation of plaster mixing and pumping machines to employees represented by respondents, rather than to employees represented by Plasterers' Helpers Local 759, International Hod Carriers, Building and Common Laborers of America, AFL-CIO, is whether the order should be limited to employees of two plastering contractors, or should include employees of other employers. We find that the record justifies the order issued by the Board, and we grant the petition for enforcement.
 
 
 2
 The respondents do not dispute the propriety of earlier proceedings under § 10(k) of the National Labor Relations Act, 61 Stat. 146 (1947), 29 U.S.C. § 160 (k), which resulted in the Board's decision that the operation of plaster mixing and pumping machines should be assigned to employees represented by Local 759, and that respondents were not entitled to force or require the two contractors, Cafasso Lathing & Plastering, Inc. and Cuddihy & Huebner, Inc., to assign the work to respondents' members. 149 N.L. R.B. 156 (1964). When respondents refused to comply with the Board's decision, the Board issued a complaint charging that they had violated § 8(b) (4) (i) and (ii) (D) of the Act, 73 Stat. 542 (1959), 29 U.S.C. § 158(b) (4) (i) and (ii) (D), and the parties stipulated to submit the case to the Board on the testimony which had been adduced at a hearing in the United States District Court for the Eastern District of New York under § 10(l) of the Act,[1] 61 Stat. 146 (1947), as amended, 29 U.S.C. § 160(l), the record of the § 10(k) hearing, and the pleadings.
 
 
 3
 The Board found that respondents had violated § 8(b) (4) (ii) (D) by threatening Cafasso at Amityville, Suffolk County, New York, and Cuddihy at Stony Brook in Suffolk County with picketing and work stoppages unless an operating engineer was hired to operate the machines. Cuddihy was persuaded by its general contractor to halt operation of the machines, and its employees delivered wet plaster manually for ten or twelve days. Cafasso refused to yield, causing respondents to picket the project for about two weeks, during which various employees walked off the job; this picketing, the Board found, violated § 8(b) (4) (i) (D). Finding that "the record also shows that the type of work in dispute has been a continuing source of controversy between the [respondents] and plastering contractors other than Cafasso and Cuddihy in the Long Island area, within the [respondents'] geographical jurisdiction," the Board issued an order which respondents seek to limit by excising the italicized words:
 
 
 4
 "[Respondents shall] cease and desist from engaging in, or inducing or encouraging individuals employed by Cafasso Lathing & Plastering, Inc., Stewart M. Muller Construction Co., Inc. [the general contractor at Amityville], or any other person engaged in commerce or in an industry affecting commerce, to engage in a strike or refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on materials, or to perform any service; and from threatening, coercing, or restraining the aforesaid employers, Cuddihy & Huebner, Inc., Rosoff-Foster [the general contractor at Stony Brook], or any other person; where an object in either case is to force or require Cafasso, Cuddihy, or any other person to assign the operation of plaster mixing machines and plaster pumps used for piping and propelling wet plaster to employees represented by [respondents], rather than to employees represented by Plasterers' Helpers Local 759, International Hod Carriers, Building and Common Laborers of America, AFL-CIO." 153 N.L.R.B. 1470, 1474 (1965).
 
 
 5
 Cuddihy's president testified that he had received "numerous requests" to employ respondents' members to run the plaster machines. The president of a third plastering concern swore that respondents had sought "many times" to have an operating engineer assigned to the machines, and that once his foreman had agreed and an operating engineer had received a day's pay for doing nothing. Thus the record amply supports the Board's finding that this work dispute has been a continuing source of controversy in the Long Island area; and since the jurisdiction of Local 759 comprises Nassau, Suffolk, and Queens Counties, the order is effectively limited to that area.
 
 
 6
 Respondents contend that this finding does not support the Board's order, because there was no finding that they engaged in threats or coercive action against any employers other than Cafasso and Cuddihy. But the Board was justified in anticipating from the history of this dispute that respondents might nevertheless engage in such unfair labor practices against other employers in the future. In such a case, an order which covers other employers and their employees in the area of the dispute is appropriate. E. g., N. L. R. B. v. Milk Drivers & Dairy Employees Local Union No. 584, 341 F.2d 29 (2 Cir.), cert. denied, 382 U.S. 816, 86 S.Ct. 39, 15 L.Ed. 2d 64 (1965); N. L. R. B. v. International Union of Operating Engineers, 317 F.2d 638 (8 Cir. 1963). Compare Communications Workers of America v. N. L. R. B., 362 U.S. 479, 80 S.Ct. 838, 4 L.Ed. 2d 896 (1960). Respondents also argue that one of the grounds for the Board's award of the work in dispute to employees represented by Local 759 was the fact that respondents had no contract with the plastering contractors granting them the work, and that the Board's order prevents respondents from obtaining any such contracts in the future. But the order does not bar respondents from requesting such a contract; it only prevents them from seeking to compel plastering contractors to give them by contract what the Board determined they were not entitled to absent contract.
 
 
 7
 Enforcement granted.
 
 
 
 Notes:
 
 
 [1]
 After the hearing, the district court issued an injunction against coercive actions by respondents in connection with this work dispute pending the Board's determination of the unfair labor practice charges