NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

TEAMSTERS, CHAUFFEURS, HELPERS AND TAXICAB DRIVERS, LOCAL UNION 327, Affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Respondent.

No. 19483.

United States Court of Appeals Sixth Circuit.

Jan. 15, 1970.

James P. Hendricks, N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Herman M. Levy, Leon M. Kestenbaum, Attys., N. L. R. B., Washington, D. C., on brief, for petitioner.

Hugh C. Howser, Nashville, Tenn., for respondent.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

In this case the National Labor Relations Board seeks this court's enforcement of its order, 173 N.L.R.B. No. 220, entered against the Teamsters, Chauffeurs, Helpers and Taxicab Drivers, Local 327.

After a Teamsters strike at Hartmann Luggage Company which, according to the record, was accompanied by many acts of picket line violence, both the Trial Examiner and the Board found violations of 8(b) (1) (A) of the National Labor Relations Act, 29 U.S.C. § 158(b) (1) (A) (1964), and ordered the union to cease and desist.

The Board also, however, broadened the cease and desist order so that it applied not only to Hartmann but to any employer within the whole jurisdiction of Local 327. Citing one of its own cases (Teamsters Local 327 (Greer Stop Nut Co.), 160 N.L.R.B. 1919 (1966)), the Board found a "proclivity" for violence.

The union, resisting the Board's application for enforcement, attacks only that portion of the order which extends beyond applicability to Hartmann. The order provides:

"Upon the foregoing findings of fact and conclusions of law, and the entire record, it is hereby recommended that Respondent Teamsters, Chauffeurs, Helpers and Taxicab Drivers, Local

Union 327, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, its officers, agents, representatives, *successors, and assigns,* shall:

"1. Cease and desist from:

"(a) Restraining or coercing the employees of Hartmann Luggage Company *or the employees of any other employer within its jurisdictional territory* in the exercise of the rights guaranteed them by Section 7 of the Act, by mass picketing blocking ingress and egress of employees at the Employer's premises, injuring employees entering or leaving those premises, damaging automobiles and trucks of employees and others entering or leaving those premises, spreading tacks on the Company driveways, or threatening employees with physical injury because they cross or wish to cross the picket lines.

"(b) In any like or similar manner restraining or coercing employees in the exercise of the rights guaranteed by Section 7 of the Act." (Emphasis added.)

For a court, which seriously contemplates enforcing those orders which it enters, the proposed order offers both conceptual and practical problems of great moment.

■ First, this order is addressed to mortal human beings, yet it has no limitation in time. Second, the order is both too broad and too vague in relation to persons expected to obey it (presumably on pain of contempt proceedings). Third, the order does not define the jurisdiction of Local 327 and thus it provides no means of defining the people for whom protection is sought. In all of these respects we believe the italicized portions of the order violate the provisions of Rule 65(d) of the Federal Rules of Civil Procedure.

This court could, of course, simply modify the order to eliminate the lack of specificity. Communications Workers of America v. NLRB, 362 U.S. 479, 80 S.Ct.

**1284**

838, 4 L.Ed.2d 896 (1960); NLRB v. Express Publishing Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930 (1941).

■ Contrary, however, to the union's contentions, we believe that the Board could take judicial notice of its own case involving the same local union, Teamsters Local 327 (Greer Stop Nut Co.), 160 NLRB 1919 (1966), and that there was substantial evidence on the whole record to justify the Board's finding that the union had demonstrated a proclivity to engage in violent conduct, similar to that found in the instant case. Under these circumstances, the Board may be justified in issuing a broad order, which is not limited to union activity at the Hartmann Luggage Company. NLRB v. Locals 138, 138A, 138B, 377 F.2d 528 (2d Cir. 1967). But, of course, such an order would have to be consonant with the specificity referred to above as to time, geographic area and persons to be affected.

The italicized portions of the order of the Board quoted above are deleted, and the order is enforced as modified. The case is remanded to the Board for further proceedings in accordance with this opinion.