[No. 17896-0-III.   Division Three.   January 11, 2000.]

PASCO HOUSING AUTHORITY, *Appellant*, v. THE PUBLIC EMPLOYMENT RELATIONS COMMISSION, ET AL., *Respondents*.

*G. Scott Beyer* of *Menke, Jackson, Beyer & Eiofson, L.L.P.*, for appellant.

*David W. Ballew* of *Davies, Roberts & Reid*, for respondents.

SWEENEY, J. — The Public Employment Relations Commission (PERC) awarded attorney fees to Teamsters Local No. 839 for unfair labor practices committed by the Pasco Housing Authority in violation of the Public Employees' Collective Bargaining Act, RCW 41.56. Judicial intervention in the matter of remedies is appropriate only if the Commission's orders are inconsistent with the purposes of the Act or otherwise unlawful. That is not the case here. The Commission's order is affirmed.

The Housing Authority assigns error to several of the Commission's findings of fact. Factual findings will be upheld on appeal if they are supported by substantial evidence. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 819, 828 P.2d 549 (1992). Substantial means "in sufficient quantum to persuade a fair-minded person of the truth of the declared premise." *Robinson v. Safeway Stores, Inc.*, 113 Wn.2d 154, 157, 776 P.2d 676 (1989). Our review is confined to examining the record for the requisite evidence. *Miller v. City of Tacoma*, 138 Wn.2d 318, 323, 979 P.2d 429 (1999). We conclude that the Commission's findings are supported by substantial evidence. The factual findings are, therefore, verities on appeal. *Id.*

## FACTS

Pasco Housing Authority employees certified Teamsters Local No. 839 as their exclusive bargaining agent in August of 1995. The Union and the Housing Authority began negotiating an initial collective bargaining agreement in September 1995. A year later, little progress had been made.

The Union bargaining committee consisted of three employees. The Housing Authority laid off two of them in June 1996. At a negotiating session in August, Robert Hawks, replacing one of the laid-off representatives, joked that if the employer kept laying off Union members at that rate, the Union would have no members left to represent. The Housing Authority's representative asked if Mr. Hawks was conceding that the Union did not represent a majority. Mr. Hawks replied that he was surprised the employer had not already served notice of decertification proceedings.

On September 11, 1996, the Housing Authority distributed a memo to all its employees. The memo characterized the above exchange as a formal announcement by the Union that it did not represent a majority of the employees. The memo also misrepresented that the Union was advocating an illegal "closed shop." It implied that, but for the cost of bargaining with the Union, the employees would have already received increases in pay and health benefits. It suggested that the employees consider decertifying the Union and substituting an employee committee to represent them.

The Union filed an unfair labor practices complaint with PERC.

The matter was heard by a PERC hearing examiner on February 26, 1997. The Housing Authority insisted on admitting 40 letters documenting the bargaining history to demonstrate that it had proceeded in good faith. Over the Union's objections, the hearing examiner admitted the exhibits to provide background and context for the memo. The exhibits cast the Housing Authority in rather a poor light in its approach to the negotiations and the Union.

In a 36-page decision, the hearing examiner concluded that the Housing Authority's conduct comprised "flagrant and repetitive" violations of the Public Employees' Collective Bargaining Act, RCW 41.56. The flagrant and repetitive conduct consisted of issuing the memo with knowledge and intent to undermine the Union with material misrepresentations and implied promises of benefits to forgo union

activity; canceling the next scheduled bargaining session after the memo; consenting to continue negotiations only after the Union filed a complaint; and then refusing any further negotiations after one fruitless session.

The hearing examiner ordered mediation, with any unresolved issues subject to interest arbitration. The examiner awarded the Union its attorney fees and costs.

The Housing Authority appealed to the full Commission, making 35 assignments of error. The Commission affirmed the hearing examiner's findings of fact and conclusions of law and affirmed the award of attorney fees. The Commission based the attorney fee award on what it characterized as the Housing Authority's patent disregard for its statutory obligations and its frivolous defenses. In the matter of interest arbitration, however, the Commission reversed the hearing examiner.

In a 29-page decision, the Commission explains in detail why it determined that the memo was a coercive attempt to undermine the Union. The Commission agreed with the hearing examiner that the violations were flagrant and repetitive. The Commission's decision addresses the Housing Authority's defenses one by one and explains why, in light of well-established fair labor practices, it found the defenses so meritless as to be frivolous.

The Housing Authority petitioned for review to the superior court which reviewed the entire record and affirmed the Commission's order in its entirety. The Housing Authority appealed to this court.

## DISCUSSION

Scope of Review. The scope and standard of review are determinative of this appeal. The Housing Authority invites the court to review numerous assignments of error to the Commission's findings of fact and conclusions of law. PERC's decisions are accorded extraordinary judicial deference, especially in the matter of remedies. The only relevant question here is whether the Commission abused its

statutory remedial power. *Lewis County v. Public Employment Relations Comm'n*, 31 Wn. App. 853, 865-66, 644 P.2d 1231 (1982).

Both the Washington Legislature and Supreme Court have recognized that public employee labor relations policy is best managed by creating an expert administration, giving it extensive jurisdiction to fashion equitable remedies, and severely limiting judicial review. That is the scheme in Washington. RCW 41.58.005(1), (3); *In re Case E-368*, 65 Wn.2d 22, 28, 395 P.2d 503 (1964) (citing *Phelps Dodge Corp. v. National Labor Relations Bd.*, 313 U.S. 177, 61 S. Ct. 845, 85 L. Ed. 1271, 133 A.L.R. 1217 (1941)).

■ With respect to PERC decisions, limited review means that, if there was in fact an unfair labor practice, we will affirm unless the remedy is clearly outside the Commission's power. *Public Employment Relations Comm'n v. City of Kennewick*, 99 Wn.2d 832, 841, 664 P.2d 1240 (1983).

Here, the Housing Authority does not dispute that there was in fact an unfair labor practice. Therefore, our review is limited to a single issue: Does PERC have the power to award fees?

Statutory Power. PERC derives its power to fashion appropriate remedies from RCW 41.56 (Public Employees' Collective Bargaining Act) and RCW 41.58 (Public Employment Labor Relations Act, the statute that creates the Commission). *Municipality of Metro. Seattle v. Public Employment Relations Comm'n*, 118 Wn.2d 621, 633, 826 P.2d 158 (1992).

The sole purpose of the Public Employees' Collective Bargaining Act is to implement "the right of public employees to join labor organizations of their own choosing and to be represented by such organizations in matters concerning their employment relations with public employers." RCW 41.56.010; *City of Yakima v. International Ass'n of Fire Fighters*, 117 Wn.2d 655, 671, 818 P.2d 1076 (1991). PERC is the exclusive body created to carry out this purpose. RCW 41.58.005(3).

Deferential Standard. We generally do not disturb a

discretionary award of attorney fees unless the court exercised its discretion in a manifestly unreasonable manner or based its decision on untenable grounds. *Seattle-First Nat'l Bank v. Washington Ins. Guar. Ass'n*, 94 Wn. App. 744, 761-62, 972 P.2d 1282 (1999) (citing *Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 169, 795 P.2d 1143 (1990); *Progressive Animal Welfare Soc'y v. University of Wash.*, 114 Wn.2d 677, 689, 790 P.2d 604 (1990)).

An administrative agency's determination of sanctions receives even greater judicial deference, because remedies are peculiarly a matter of administrative competence. *In re Discipline of Brown*, 94 Wn. App. 7, 12, 972 P.2d 101 (1998), *review denied*, 138 Wn.2d 1010 (1999).

The judicial deference accorded all PERC decisions is especially great in the matter of remedies. *State ex rel. Washington Fed'n of State Employees v. Board of Trustees*, 93 Wn.2d 60, 68-69, 605 P.2d 1252 (1980). The reviewing court may not substitute its judgment for PERC's, contrary to the general rule. *Metro. Seattle*, 118 Wn.2d at 634. When discretion is conferred on an agency by statute for the express purpose of accomplishing the goals of particular legislation, the matter is "peculiarly" for the agency to decide. *Id.* This is the case in labor relations. *Id.*

In the matter of remedies, therefore, intervention is appropriate only if the remedy exceeds the mandate of RCW 41.56.160. *Lewis County*, 31 Wn. App. at 865-66. PERC's orders will be upheld so long as they are consistent with the purposes of the Act and not otherwise unlawful. *Metro. Seattle*, 118 Wn.2d at 634-35.

The order at issue here is not inconsistent with the Act or otherwise unlawful. In the matter of remedies, RCW 41.56.160 gives PERC extraordinary discretion in order to accomplish the purposes of the Public Employees' Collective Bargaining Act. RCW 41.56.160 does not specify attorney fees or any other remedy. It is worded in the most general terms: "The commission is empowered and directed to prevent any unfair labor practice and to issue appropriate remedial orders . . . ." RCW 41.56.160(1). Once it

establishes that an unfair labor practice occurred, the commission "shall" issue an order to cease and desist and "to take such affirmative action as will effectuate the purposes and policy of this chapter, such as the payment of damages and the reinstatement of employees." RCW 41.56.160(2).

The courts have interpreted this as authorizing attorney fees, although not as a matter of course. *Washington Fed'n of State Employees*, 93 Wn.2d at 69. The Commission may award fees if it determines that the fees are necessary to make its orders effective, *and* the defenses to the unfair labor practice charge are frivolous, *or* the violation evinces a pattern of conduct showing a patent disregard of good faith bargaining obligations. *Lewis County*, 31 Wn. App. at 866-67.

Here, the Commission determined that all three conditions pertained. The award was necessary to make its orders effective, the Housing Authority's defenses were frivolous, and the numerous violations contained in the offending memo established a pattern of bad faith conduct. The fee award was within the Commission's statutory mandate.

■ Federal Precedent. To the extent that Washington law is based on federal law, we may look to federal decisions and analysis for guidance. *American Discount Corp. v. Saratoga W., Inc.*, 81 Wn.2d 34, 37, 499 P.2d 869 (1972). RCW 41.56 is substantially similar to the National Labor Relations Act, 29 U.S.C. *Washington Fed'n of State Employees*, 93 Wn.2d at 67.

The United States Supreme Court scrupulously defers to the National Labor Relations Board in matters within the Board's discretion. "Congress has invested the Board, not the courts, with broad discretion to order a violator 'to take such affirmative action . . . as will effectuate the policies of [the Act].'" *National Labor Relations Bd. v. Food Store Employees Union, Local 347*, 417 U.S. 1, 8, 94 S. Ct. 2074, 40 L. Ed. 2d 612 (1974) (quoting 29 U.S.C. § 160(c)). This includes the fashioning of remedies. *Id.* at 9-10.

Judicial review of the Board's decision as to a remedy is

therefore limited to determining whether the remedial action is facially erroneous as a matter of law. *Id.* If it is, the appropriate disposition is to remand to the Board for reconsideration, unless the error is so "crystal-clear" as to render remand an unnecessary formality. *Id.* at 8. In *Food Store Employees*, the Court remanded when the Board erroneously concluded it was without discretion to award attorney fees. *Id.* at 10. The Court has intervened also where the record was devoid of factual support for overly broad remedial orders. *National Labor Relations Bd. v. Express Publ'g Co.*, 312 U.S. 426, 433, 61 S. Ct. 693, 85 L. Ed. 930 (1941) (order to refrain from violating the Act "in any manner" whatsoever); *Communications Workers of Am. v. National Labor Relations Bd.*, 362 U.S. 479, 480, 80 S. Ct. 838, 4 L. Ed. 2d 896 (1960) (order groundlessly extended to "any other employer").

The Housing Authority does not allege the Commission's determination of the remedy here was erroneous on its face. Rather, the Housing Authority assigns error to superfluous findings of fact and challenges the Commission's exercise of its statutorily exclusive discretion to determine the appropriate remedy for the undisputed violation.

Judicial intervention is, therefore, inappropriate. The action of the Commission is affirmed, and the Union is awarded its fees on appeal subject to compliance with RAP 18.1.

KURTZ, C.J., and KATO, J., concur.