KAREN NELSON MOORE, Circuit Judge,
dissenting.
This is not a case about Federal Rule of Civil Procedure 65. It is not even a case about Federal Rule of Civil Procedure 56. This is a case about mootness.
Ohio Bell Telephone Company made two arguments in support of its motion for summary judgment before the district court: that the case was moot, and, in the alternative, that the Secretary of Labor’s request for injunctive relief did not meet the requirements of Rule 65(d)(1). R. 12 (Mot. for Summ. J. at 6,12) (Page ID #87, 93). Rule 65(d)(1), however, applies to district court orders, not to requests for in-junctive relief. Ohio Bell’s alternative argument, therefore, was extremely premature, as not only had the district court not yet entered an order, but also the Secretary had not even moved for an injunction: the sole request for injunctive relief was in the Secretary’s complaint. But instead of limiting its decision to mootness, which was the only viable basis for dismissal, the district court granted summary judgment based on its determination that the request for injunctive relief in the Secretary’s complaint was too broad, applying Rule 65(d)(1) in an entirely unprecedented way. R. 22-1 (Dist. Ct. Op. at 407-08) (Page ID #170-71). Today, the majority makes the same mistake.
Rule 65(d)(1) provides that “[ejvery order granting an injunction and every restraining order must: state the reasons why it issued; state its terms specifically; and describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.” Fed, R. Civ. P. 65(d)(1). The Rule’s requirements very clearly apply to *415 district court orders, not motions for injunctions or prayers for relief. See 11A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2955 (3d ed. 2016) (discussing the consequences of “[a] court’s failure to comply with the prerequisites in Rule 65(d) as to the proper scope or form of an injunction or’ restraining order”). Accordingly, although an appellate court may vacate a district court’s injunction for being overbroad, see id. nothing in Rule 65 gives an appellate court or a district court authority to enter judgment on a claim because the request for relief is not sufficiently specific, see Fed. R. Civ. P. 65.
Given the plain language of Rule 65(d)(1), it is not surprising that all of the Supreme Court cases that the majority cites involve examinations of the scope of orders granting injunctive relief, not of complaints requesting it—and that none of these cases contemplate the entry of judgment on claims where the request for relief is too broad. See Schmidt v. Lessard, 414 U.S. 473, 475, 477, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974) (vacating injunction entered by district court); Int'l Longshoremen's Ass’n, Local 1291 v. Philadelphia Marine Trade Ass’n, 389 U.S. 64, 67-69, 72-74 (1967) (evaluating district court order requiring compliance with an arbitrator’s award); NLRB v. Express Publ’g Co., 312 U.S. 426, 428-30, 61 S.Ct. 693, 85 L.Ed. 930 (1941) (considering petition to enforce order enjoining unfair labor practices); Swift & Co. v. United States, 196 U.S. 375, 390, 25 S.Ct. 276, 49 L.Ed. 518 (1905) (examining grant of injunctive relief). The same is true of the Courts of Appeals cases that the majority cites. See Jake’s, Ltd. v. City of Coates, 356 F.3d 896, 898-99 (8th Cir. 2004) (appeal from district court’s injunction); Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 43 (2d Cir. 1996) (same); Hughey v. JMS Dev. Corp., 78 F.3d 1523, 1524 (11th Cir. 1996) (same); McLendon v. Cont’l Can Co., 908 F.2d 1171, 1173-74 (3d Cir. 1990) (same); Davis v. Richmond, Fredericksburg & Potomac R. Co., 803 F.2d 1322, 1324, 1328 (4th Cir. 1986) (same); Payne v. Travenol Labs., Inc., 565 F.2d 895, 897 (5th Cir. 1978) (same). The two decisions that the majority recognizes as refusing to impose a per se bar against “obey the law” injunctions also involve analyses of the scope of orders granting injunctive relief. See EEOC v. AutoZone, Inc., 707 F.3d 824, 829, 841 (7th Cir. 2013) (appeal from district court injunction prohibiting discriminatory practices); FTC v. EDebitPay, LLC, 695 F.3d 938, 940-41, 944 (9th Cir. 2012) (appeal from stipulated-to order—and subsequent contempt order—enjoining violations of the Federal Trade Commission Act). The controlling cases in our Circuit are no different. See EEOC v. Wooster Brush Co. Employees Relief Ass’n, 727 F.2d 566, 571, 576-78 (6th Cir. 1984) (considering whether injunctions against discrimination and the alteration of benefits were overbroad); NLRB v. Teamsters, Chauffeurs, Helpers & Taxicab Drivers, Local Union 327, 419 F.2d 1282, 1283 (6th Cir. 1970) (reviewing order requiring union to stop coercing employees). The sole case that the majority cites that does not involve an appeal from an order granting injunctive relief is Glover Construction Co. v. Babbitt, which involves an appeal from an order denying injunctive relief. No. 97-7122, 1999 WL 51784, at **1-2 (10th Cir. Feb. 5, 1999) (unpublished order). Glover’s remark about “obey the law” injunctions is made in approval of the district court’s denial— not as criticism of the plaintiffs request. Id. at *2. Thus, none of the case.law that the majority cites supports the proposition that Rule 65(d)(1) applies to prayers for relief, let alone the proposition that the Rule mandates the entry of judgment on *416 claipis where the request for relief is too broad.
The majority, unfazed by the lack of support for its novel application of Rule 65(d)(1), focuses instead on Rule 56, stating, “[A]t a minimum, where an injunction request is challenged on a motion for summary judgment, the party seeking the challenged injunction is not relieved of its duty to respond to the merits of the Rule 56 motion.” Maj. Op. at 412. The majority continues: “The responding party must furnish facts in accordance with Rule 56’s standards that justify the request for a broad injunction or propose a narrower injunction in keeping with the facts of the case viewed in the light most favorable to the non-movant.” Id. I do not dispute that the Secretary has to respond to the merits of a summary judgment motion (and the Secretary never argues otherwise). But the Secretary does not have to defend the complaint’s request for relief against the assertion that it is overbroad—either by providing facts in support of the request or by narrowing it—because Rule 65(d)(1) does not apply to prayers for relief and does not provide a basis for entering judgment. What is more, the majority’s requirement that the Secretary “furnish facts” makes no sense. If the problem with the Secretary’s request for relief is that it is qverbroad, facts will not help. The only remedy is a more narrow request for relief, which the Secretary is not required to make in opposing summary judgment under Rule 65(d)(1) for the reasons explained above. Thus, the majority’s application of Rule 56 only further misconstrues Rule 65(d)(1). It is possible that the majority means that the Secretary must point to facts that support the need for an injunction—that is, that show there is a continuing harm—but if so, those facts go to mootness, an issue which the majority does not address'.
Although the concurrence does address mootness, it inverts the well-established burden in cases involving the voluntary cessation of unlawful conduct. The concurrence states that “the Secretary failed to show on summary judgment that, once Ohio Bell compensated the complainants for lost wages while on unpaid leave, expunged the record of discipline from each of the employees’ files, and revised its workplace safety rules in conjunction with OHS A, future violations of Rule 11(c)(1) were likely to recur? Con. Op. at 414 (emphasis added). But the Secretary did not have ¡to show that future violations of Rule 11(e)(1) were likely to recur. Ohio Bell had to show that they were not. A defendant’s voluntary cessation of allegedly unlawful conduct “moots a case only in the rare instance where ‘subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.’ ” League of Women Voters of Ohio v. Brunner, 548 F.3d 463, 473 (6th Cir. 2008) (quoting Akers v. McGinnis, 352 F.3d 1030, 1035 (6th Cir. 2003)). “[T]he party asserting mootness bears the ‘heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again.’” Id. (quoting Akers, 352 F.3d at 1035). Strikingly, the concurrence cites no law to support its statement.
I would confíne our decision to the issue of mootness, and I would reverse the district court’s grant of summary judgment. Ohio Bell has not met its burden under the “voluntary cessation of unlawful conduct” exception to the doctrine. See id. The majority seeing things differently, I dissent.