**NEW YORK MAILERS' UNION NO. 6, INTERNATIONAL TYPOGRAPHICAL UNION, AFL-CIO, Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 16951.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 3, 1962.

Decided Feb. 14, 1963.

Mr. Gerhard P. Van Arkel, Washington, D. C., with whom Mr. George Kaufmann, Washington, D. C., was on the brief, for petitioner.

---

Mr. Melvin J. Welles, Atty., National Labor Relations Bd., of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Stuart Rothman, General Counsel, Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Bd., were on the brief, for respondent. Mr. James C. Paras, Atty., National Labor Relations Bd., also entered an appearance for respondent.

Before BAZELON, Chief Judge, and EDGERTON and FAHY, Circuit Judges.

### EDGERTON, Circuit Judge.

Having struck the Neo-Gravure Printing Company plant in Weehawken, New Jersey, the Union forbade all its members to handle Sunday supplements printed by Neo-Gravure for three New York City newspapers. In March 1961, on petition of the National Labor Relations Board's Regional Director, the District Court for the Southern District of New York issued a preliminary injunction against the Union under 29 U.S.C. § 160 (l). Kaynard for and on behalf of N. L. R. B. v. New York Mailers Union, D.C., 191 F.Supp. 880. In March 1962, the Board ordered the Union (a) to cease inducing "any individual employed by any person engaged in * * * an industry affecting commerce, including employees of" the three newspapers, to refuse to use or handle "materials or products * * * with an object of forcing or requiring any person," including the three newspapers, to cease doing business with Neo-Gravure or to cease handling its products, "or with an object of forcing or requiring Neo-Gravure" to "recognize or bargain with" the Union unless it "has been certified as the representative of such employees"; and (b) to cease "Threatening, coercing, or restraining any person * * * in an industry affecting commerce," including the three newspapers, "with an object of having them cease doing business with Neo-Gravure * * * or to cease handling or otherwise dealing in the products of

Neo-Gravure * * * or with an object of forcing or requiring Neo-Gravure * * * to recognize or bargain with" the Union unless "certified as the representative of such employees". In support of the order, the Board found that the Union had violated the corresponding provisions of §§ 8(b) (4) (i) (B) and 8 (b) (4) (ii) (B) of the National Labor Relations Act as amended, 73 Stat. 542 (1959), 29 U.S.C., Supp. III, § 158.136 NLRB No. 19.

The Union asks us to set aside the Board's order and the Board asks us to enforce it. Most of the facts are undisputed.

The Union's "object" may be inferred from its acts. Local 761, Electrical Workers v. National Labor Relations Board, 366 U.S. 667, 674, 81 S.Ct. 1285, 6 L.Ed.2d 592 (1961). Cf. Los Angeles Mailers Union v. National Labor Relations Board, 114 U.S.App.D.C. ——, 311 F.2d 121 (1962). The Union urges that § 8(b) (4) of the Act impliedly excepts refusals to handle "struck work". But the cited legislative history shows at most an intent to preserve an "exception" regarding *farmed-out* struck work. Such work is not strictly an exception. Farming-out extends the primary situs to the second employer. In the present case, the Neo-Gravure plant continued to be the only primary situs. The Act intends to confine labor disputes to their primary situs. Cf. Local 1976, Carpenters Union v. National Labor Relations Board, 357 U.S. 93, 100, 78 S.Ct. 1011, 2 L.Ed.2d 1186 (1958). The newspapers are secondary or neutral employers. It is immaterial that the same union represents employees of both the primary and the secondary employers, National Labor Relations Board v. Highway Truckdrivers, 300 F.2d 317 (3d Cir., 1962); that the union's contract says it need not handle struck work, Local 1976, Carpenters Union v. National Labor Relations Board, supra; and that other employees are available to handle the work, Los Angeles Mailers Union v. National Labor Relations Board, supra.

Though the Board did not find that the Union had violated the Act as against any employer except the three newspapers, it ordered the Union, within stated limits, to cease violations directed against "any person engaged in * * * an industry affecting commerce * * *" "We think the order should be modified * * * to correspond to the violations actually found to have been committed." United Steelworkers of America, AFL-CIO v. National Labor Relations Board, 111 U.S. App.D.C. 60, 64, 294 F.2d 256, 260 (1961). Communications Workers of America v. National Labor Relations Board, 362 U.S. 479, 480, 80 S.Ct. 838, 4 L.Ed.2d 896 (1960). As modified, the order will be enforced.

So ordered.