**LOCAL 349, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 19146.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 14, 1965.

Decided Nov. 18, 1965.

———◆———

Mr. Seymour A. Gopman, Miami Beach, Fla., for petitioner.

Mr. Allison W. Brown, Jr., with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Hans J. Lehmann, Atty., National Labor Relations Board, were on the brief, for respondent.

Before FAHY, WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM:

Petitioner, Local 349 of the International Brotherhood of Electrical Workers,

AFL-CIO, herein referred to as IBEW, asks the court to set aside an order of the National Labor Relations Board directing the IBEW to cease and desist from certain secondary boycott activities, and directing notice of the order to be given to its members. The Board petitions for enforcement of the same order. The proceedings before the Board were the usual type under Section 10(c) of the National Labor Relations Act, as amended. The Union was found to have violated the provisions of Sections 8(b)(4)(i) and (ii) (B).

The substance of the case, as it appeared to the Board, is that IBEW, whose members are electrical workers, caused work stoppages on two construction jobs and threatened work stoppages on two other jobs, at Miami, Florida, by either refusing to work or refusing to continue to work on the jobs because of the employment of a subcontractor, Dade Sound and Controls, whose employees were members of Local 3107 of the Communications Workers of America, AFL-CIO, herein referred to as CWA. The IBEW claimed jurisdiction over the type of work for which the CWA members were under contract with Dade. The Board further found that the IBEW conduct thus referred to, threatened and coerced the principal contractors and employers on the job sites with the object of forcing them to cease doing business with subcontractor Dade, thus committing the unfair labor practices above specified. The factual details upon the basis of which the Board reached its decision are set forth in the report of the decision at 149 NLRB No. 46.

That the work stoppages, refusals to work and threats occurred, cannot be doubted. The position of IBEW, however, is that this was brought about by individual members of IBEW for whose conduct it cannot be held responsible. In three of the four instances a principal factor was the activity of job stewards designated as such by the Union. In the fourth instance a foreman who was a member of IBEW was a participant in the activity which led to the refusal of IBEW members to work. The findings of the Board, however, do not rest in any of the four instances solely upon the conduct of a steward or of the foreman, but rest as well upon evidence of a course of events or pattern, as set forth in the decision, supporting the finding of IBEW responsibility. Included is evidence of the background and history of the jurisdictional controversy between the IBEW and CWA in and about Miami, conversations which took place between the IBEW representatives and Dade's employees, which reasonably could be understood as threatening a walkout to protest the employment of CWA members at one of the sites, and other details indicative of leadership by the stewards and of their representative capacity in the activities which led to the stoppages and refusals to work. The Board pointed out that the job stewards had been designated as such by the IBEW, were required by its bylaws to report encroachments on jurisdiction claimed by IBEW, and were also required to comply with IBEW work rules and to straighten out all job problems on their own initiative.[1]

The findings of the Board placing responsibility upon IBEW in each instance, with the unlawful object which brought the conduct within the prohibitions of Sections 8(b)(4)(i) and (ii)(B) are supported by substantal evidence in the record considered as a whole. To the extent the findings result from inferences drawn by the Board from the evidence adduced they find sufficient support to be left undisturbed by the court.

The petition of the IBEW will therefore be denied and the order of the Board will be enforced.

It is so ordered.

---

[1] In no instance was there any affirmative effort by the job stewards to impress the other Union members that in refusing to work with CWA members they were acting in an individual capacity rather than in furtherance of IBEW policy.