**Ivan C. McLEOD, Regional Director of the Second Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL UNION NO. 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Respondent.**

**No. 71 Civ. 4268.**

United States District Court, S. D. New York.

Dec. 29, 1971.

Thomas T. Trunkes, New York City, for petitioner.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for charging party, The New York Telephone Co.; Saul G. Kramer, Charles R. Held, New York City, of counsel.

Harold Stern, by Norman Rothfeld, New York City, for respondent.

BONSAL, District Judge.

This cause came to be heard upon the order to show cause issued on November 11, 1971 and on the verified petition of Ivan C. McLeod, Regional Director of the Second Region of the National Labor Relations Board ("Board"), seeking to adjudicate respondent, Local Union No. 3, International Brotherhood of Electrical Workers, AFL–CIO ("Local 3"), in civil contempt of this court for failing and refusing to obey a temporary injunction issued by Judge Cooper on October 28, 1971.

The temporary injunction enjoined Local 3, its officers, agents, servants, employees, attorneys and all members acting in concert with them from inducing or encouraging any member of Local 3 employed by L. K. Comstock and Co. ("Comstock"), Lord Electric Co. ("Lord"), and J. Livingston & Co. ("Livingston") to engage in strikes or refusals in the course of their employment to handle materials or goods with the object of requiring Comstock, Lord or Livingston to cease doing business with New York Telephone Co. ("Telephone"). The temporary injunction is effective pending final disposition of a charge filed with the Board on September 21, 1971 by Telephone alleging that Local 3 had engaged in unfair labor practices within the meaning of § 8(b)(4) of the National Labor Relations Act ("Act"). Hearings on the charge began before the Board on November 1, 1971 and have not yet concluded. The temporary injunction has continued in effect at all times material herein and Local 3 has had notice and actual knowledge of its terms.

Hearings on this civil contempt proceeding began on November 19, 1971 and concluded on November 30, 1971. At the hearings, all parties were afforded full opportunity to be heard, to examine and cross-examine witnesses, to present evidence bearing on the issues, to argue on the evidence and the law, and to submit briefs. At the conclusion of the hearings, the court kept the record open and post-hearing affidavits were submitted by the Board on December 7, 1971 and by Local 3 on December 14, 1971. Upon the entire record, the court makes the following Findings of Fact:

1. Since the entry of the temporary injunction on October 28, 1971, the record reveals the following instances of refusals by members of Local 3 employed by Comstock, Lord or Livingston to handle or accept deliveries of cable and wire delivered by Telephone at the following job sites which are all in the Borough of Manhattan, City and State of New York:

(a) Oct. 28, 1971, employees of Livingston at One Liberty Plaza;

(b) Oct. 29, 1971, employees of Comstock at East 94th and Park;

(c) Nov. 1, 1971, employees of Comstock at 125 East 86th St. However, the record shows that this delivery was later accepted by Local 3 men.

(d) Nov. 1, 1971, employees of Lord at 461 8th Ave.;

(e) On or about Nov. 1, 1971, employees of Lord at 1301 Avenue of the Americas;

(f) Nov. 3, 1971, an employee of Lord at 1271 Avenue of the Americas;

(g) Nov. 3, 1971 and Nov. 10, 1971, employees of Lord at 1221 Avenue of the Americas;

(h) Nov. 5, 1971 and Nov. 11, 1971, employees of Comstock at 1114 Avenue of the Americas;

(i) Nov. 11, 1971, employees of Comstock at 10 E. 53rd St.

(j) Dec. 1, 1971 and Dec. 3, 1971, employees of Comstock at One Liberty Plaza;

(k) Dec. 1, 1971, employees of Comstock at 22 Cortlandt St.;

(l) Dec. 3, 1971, employees of Lord at 1301 Avenue of the Americas.

2. Since the issuance of the temporary injunction on October 28, 1971, the record shows that members of Local 3 employed by one of the three subcontractors have handled or accepted delivery of cable and wire delivered by Telephone or by an independent trucker in the Borough of Manhattan, City and State of New York on the following dates and at the following job sites:

(a) Nov. 1, 1971, employees of Comstock at 1095 Avenue of the Americas;

(b) Nov. 10, 1971, employees of Lord at 55 Water St.; (Delivery here was made by personnel of Telephone);

(c) Nov. 15, 1971, employees of Lord at 323 Broadway;

(d) Nov. 1, 3, 5, and 9, 1971, employees of Comstock at Tower B of the World Trade Center (Delivery here was made by Pride Trucking Co., an independent trucking company);

(e) Nov. 5, 1971, employees of Comstock, at 1114 Avenue of the Americas;

(f) Dec. 2, 1971 at 10 Hanover Square;

(g) Dec. 6, 1971 at 800 Third Avenue;

(h) Dec. 6, 1971 at 9 West 57th St.;

(i) Dec. 3, 1971 at One New York Plaza;

(j) Dec. 1, 1971, employees of Livingston at World Trade Center Tower A;

(k) Dec. 1, 3, and 8, 1971, employees of Comstock at World Trade Center Tower B;

(l) Dec. 1, 1971, employees of Livingston at Chambers St. Police Headquarters;

(m) Dec. 1, 1971, employees of Comstock at 1095 Avenue of the Americas;

(n) Dec. 2, 1971, employees of Livingston at 590 Madison Ave.;

(o) Dec. 4, 1971, employees of Comstock at 147 East 86th St.;

(p) Dec. 8, 1971, employees of Livingston at 750 Third Ave.;

(q) Dec. 9, 1971, employees of Livingston at 1345 Avenue of the Americas;

(r) Dec. 10 and 11, 1971, employees of Comstock at 1114 Avenue of the Americas;

(s) Dec. 10, 1971, employees of Lord at 5 World Trade Center.

3. On November 5, 1971, Local 3, by its attorney, Harold Stern, Esq., informed members of Local 3 employed by the above three subcontractors working on Telephone work of the temporary injunction and stated that refusals of union members to handle Telephone materials on an individual basis would not constitute a violation of the temporary injunction.

4. Upon notification by representatives of Telephone to Local 3 of the above refusals, the officers of Local 3 refused to appear at the above locations and instruct its members to cease and desist from the conduct described above.

5. At all times material herein, no members of Local 3 have been disciplined as provided for in the union constitution, nor have proceedings been taken to deal with members for engaging in the above conduct.

## OPINION

This court has jurisdiction of the parties and the subject matter of the proceeding.

The evidence establishes that since the issuance of the temporary injunction on October 28, 1971, members of Local 3 employed by one of the three subcontractors have refused to accept delivery or handle Telephone's materials on 15 occasions and have accepted delivery or handled Telephone's materials on 25 occasions. In notifying members of Local 3, employed by the three subcontractors and doing Telephone work, of the temporary injunction, Harold Stern, attorney for Local 3, stated that refusals on an individual basis would not violate the temporary injunction. The evidence further establishes that Local 3 has not disciplined any member for refusing to work as provided in the union constitution and has not told its members to accept deliveries following notification by Telephone.

After considering all the evidence, McLeod v. Local 25, IBEW, 57 LRRM 2107 (E.D.N.Y.1964); Local 349, IBEW, A.F.L.–C.I.O. v. NLRB, 149 NLRB 430, enf'd 123 U.S.App.D.C. 119, 357 F.2d 579 (1965), and recognizing that the words "induce or encourage" are broad enough to include every form of influence and persuasion, International Brotherhood of Electrical Workers, Local 501, A. F. of L. v. National Labor Relations Board, 341 U.S. 694, 701–702, 71 S.Ct. 954, 95 L.Ed. 1299 (1951), this court concludes that Local 3 induced or encouraged its members employed by the three subcontractors to refuse to handle materials which were delivered by Telephone, with a view to requiring the three subcontractors to cease doing business with Telephone. McLeod v. Local 25, IBEW, supra; Local 756, IBEW (The Martin Co.), 131 NLRB 1010 (1961).

Refusals by members of Local 3 to accept deliveries caused a partial disruption in business between the subcontractors and Telephone. Such a partial work stoppage had the effect of restraining and coercing the three subcontractors with whom Local 3 had no labor dispute to cease doing business with Telephone, in violation of the temporary injunction. New York Mailers' Union No. 6, International Typographical Union, AFL–CIO & Publishers Assn., 136 NLRB 196 (1962), enf'd 114 U.S.App. D.C. 370, 316 F.2d 371 (1963), Local 761, International Union of Electrical, Radio and Machine Workers AFL–CIO v. NLRB and General Electric Co., 366 U.S. 667, 674, 81 S.Ct. 1285, 6 L.Ed.2d 592 (1961); Seafarers International Union of North America, Atlantic & Gulf District, Harbor and Inland Waterways Division, AFL–CIO v. National Labor Relations Board, 105 U.S.App.D.C. 211, 265 F.2d 585, 591 (1959); NLRB v. Local 825, International Union of Operating Engineers, 400 U.S. 297, 305, 91 S.Ct. 402, 27 L.Ed.2d 398 (1971).

Therefore, this court finds that Local 3 has violated the temporary injunction issued on October 28, 1971 and is therefore in civil contempt. Accordingly, an order will be entered providing that Local 3 shall instruct its members and all persons acting in concert with them to refrain, without qualification, from refusing to handle or accept delivery of materials delivered by Telephone. Local 3 shall file a sworn statement with the clerk of this court, and a copy thereof with the Regional Director of the Second Region of the Board, within five days, showing what steps have been taken by Local 3 to comply with the order. In addition, the order shall provide that Local 3 shall pay to the Board its costs and reasonable counsel fees in this proceeding.

Settle order on notice.